AVALO SÁNCHEZ *v.* SUCESIÓN DÍAZ.

APELACIÓN procedente de la Corte de Distrito de

San Juan.

No. 69. Resuelto en Octubre 30, 1905.

RECONOCIMIENTO DE LA PERSONALIDAD DE LAS PARTES.—Llamada expresamente una persona á intervenir en una acción ó procedimiento, por la parte promovente del mismo, no puede ésta impugnar su personalidad y rechazarla después, toda vez que no le es lícito volver sobre sus propios actos.

SENTENCIA.—Sentencia es la decisión definitiva de los derechos de las partes en un pleito ó procedimiento.

Apelación.—Providencia especial.—Una *providencia especial*, á los efectos del No. 3 del artículo 295 del Código de Enjuiciamiento Civil, es la dictada después de una sentencia definitiva, y en la que se lesione un derecho al resolver una cuestión no discutida en el pleito, ni resuelta por dicha sentencia definitiva.

Id.—Una resolución de la Corte inferior declarando nula otra anterior de la misma, Corte por razones de puro tecnicismo, ó de forma, no es apelable, por no tener el carácter de sentencia definitiva, ni de providencia especial, sin que varíe su naturaleza la circunstancia de haberse registrado como sentencia definitiva.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Guzmán Benítez.*

Abogado del apelado: *Sr. Hord.*

El Juez Asociado Sr. Figueras, emitió la opinión del tribunal.

La Corte de Distrito de San Juan, á petición de la Sucesión de Da. María Díaz, viuda de Veve, dictó, con fecha 15 de mayo de 1901, la resolución, cuya parte dispositiva, dice así:

"Se alza la acumulación del juicio ejecutivo de dicha Sra. al concurso de Don José Avalo Sánchez y se deja sin efecto el depósito de la hacienda "Bello sitio" que volverá á la disposición de su poseedora Da. María Díaz, viuda de Veve, etc., etc."

Esa resolución solamente la firmó el juez don R. F. Savage y el secretario de la Corte don Ramón Falcón.

El abogado don Antonio Sarmiento á nombre de don José Avalo Sánchez promovió incidente de previo y especial pronunciamiento para que se declarase la nulidad de esa resolución y de las diligencias para su cumplimiento por el fundamento de que la tal resolución solamente la firmó el Hon. Juez Savage cuando la debieron firmar los tres jueces que entonces constituían el Tribunal de Distrito.

Ese incidente se sustanció á pesar de la reforma que de la providencia admitiéndole interpuso la Da. María Díaz viuda de Veve y después de oir á las partes en Corte abierta dictó el juez don Emilio del Toro con fecha 31 de mayo

de 1905 resolución declarando la nulidad pretendida, por el mismo fundamento en que se apoyó don José Avalo Sánchez al promover el incidente.

La sucesión de doña María Díaz, viuda de Veve, en 17 de junio de 1905 apeló de esa resolución para ante esta Corte Suprema y se presentaron los respectivos alegatos.

Así las cosas, el abogado don Henry F. Hord, á nombre del apelado don José Avalo Sanchez, presentó una moción para que se desestimase la apelación fundándola en dos motivos:

*Primero*: Porque no habiendo sido aún admitida la apelante como parte en el concurso de Don José Avalo Sánchez, no tiene derecho á ser oída ni de establecer apelaciones.

*Segundo*: Porque el auto recurrido no es de las resoluciones apelables.

Por el primer motivo entiendo que debe denegarse la moción. Hoy no tenemos que tratar del concurso. La apelación está limitada al incidente de nulidad que promovió don José Avalo Sánchez y en el que fué parte doña María Díaz viuda de Veve, porque el mismo promovente la trajo al incidente toda vez que solicitó que con ella se sustanciase y así se hizo, sin que hasta este momento, se encuentre nada que revele un acto de oposición á esa ingerencia en dicho incidente de nulidad.

Es un principio de derecho que nadie puede volver sobre sus propios actos, y ese principio está contenido en el tomo 11 de la Enciclopedia de " Pleading & Practice", Pag. 502 párrafo 4, en donde se dice:

"Una persona que pretenda intervenir en una acción pendiente entre otras partes sin colocarse dentro de la prescripción del estatuto que permite tal intervención, es meramente un intruso, que no adquiere derecho alguno, por su desautorizada intervención, á menos *que las partes interesadas hayan renunciado á su derecho de oposición.*"

Y aquí debemos entender que se renunció expresamen-

te á ese derecho de oposición, porque expresamente se solicitó por Avalo Sánchez que doña María Díaz, viuda de Veve, fuese parte en este incidente. No puede hoy bajo concepto alguno rechazarla del mismo, cuando se la trajo precisamente para oirla.

En cuanto al segundo motivo hay que dejar sentado que la sentencia se dictó en 31 de mayo de 1905 y que la parte apelante se acomodó en la Corte de Distrito y al finalizar el incidente, á las prescripciones del vigente Código de Enjuiciamiento Civil presentando un *brief* y después de registrada la resolución de acuerdo también con el vigente código, notificó su apelación á la parte contraria. De modo que, ya tenemos en el récord mismo actos por parte del apelante que revelan el sometimiento al procedimiento vigente. Pero esto no obstante, ya esta Corte Suprema en casos análogos y hasta en casos de competencia por la cuantía ha aplicado el nuevo Código de Enjuiciamiento Civil con la enmienda al art. 295 introducida por la ley aprobada en 9 de marzo de 1905 y esto á pesar de haberse apelado una resolución antes de la aprobación de dicha ley. Véase entre otros el caso Lind contra David.

De modo que está fuera de duda que sólo debemos tener en cuenta para saber si la resolución de que hoy se trata es apelable, el vigente Código de Enjuiciamiento Civil.

En el Código de Enjuiciamiento Civil de California p. 939 y anotaciones al artículo 315 que equivale al 395 del nuestro se dice:

"La frase "sentencia definitiva" significa solamente aquellas sentencias conocidas en la ley común como decisiones definitivas, que ponen término á una acción ó procedimiento especial y no se refiere á las resoluciones estatutorias conocidas por "decretos ó sentencias" explicadas en la tercera subdivisión de dicha sección, la que incluye todos los fallos apelables."

Ahora bien, el artículo 188 del Código de Enjuiciamiento Civil define lo que es una sentencia, diciendo: "que es

la decisión definitiva sobre los derechos de las partes en pleito ó procedimiento.''

No tiene ese carácter la resolución apelada porque realmente en ella no se ha resuelto de modo decisivo el derecho que pudo tener doña María Díaz, viuda de Veve, al solicitar que se dejase á su disposición la hacienda ''Bello sitio'' y el alzamiento de la acumulación de su juicio ejecutivo al concurso de don José Avalo Sánchez. Todo eso se le concedió, y si después se dejó sin efecto por virtud de la resolución apelada, con ella en nada se atacó á su derecho sustantivo, sino que solamente reconoció por única causa la nulidad que se decretó el hecho de puro tecnicismo de no estar firmada la primitiva resolución por los tres jueces que entonces constituían el Tribunal de Distrito. Puede, pues, la parte hoy apelante, repetir la acción que no ha quedado terminada, terminación que es lo que constituye la sentencia definitiva, según ya hemos visto, y que es la que sería apelable según el No. 1 del art. 259 del Código de Enjuiciamiento Civil.

No se puede tampoco considerar la resolución apelada como una providencia especial dictada después de una sentencia definitiva á que se refiere el No. 3 del citado artículo, porque aquí no ha habido sentencia definitiva previa en primer lugar, y en segundo, porque siempre sería necesario que se lesionase un derecho al resolver una cuestión no discutida en el pleito ni resuelta por la sentencia definitiva, y ya hemos visto que esto no es así y por consiguiente la resolución apelada por este otro concepto no es tampoco apelable, sin que varíe por su naturaleza el hecho de haberse registrado como sentencia definitiva.

En mérito de las razones expuestas, propongo, que de acuerdo con la moción y por el motivo de no ser apelable la resolución dictada por la Corte de Distrito en 31 de mayo de 1905, se desestime la apelación.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernandez, MacLeary y Wolf.