OTILIA HENNA PÉREZ, demandante y apelada, *v.* TEODORO HEDILLA MEJÍA, demandado y apelante.

No. 6079.—*Sometido:* Junio 20, 1932. *Resuelto:* Junio 24, 1932.

---

* NOTA: Véase el prefacio.

*F. Colón Díaz* y *L. Tormes,* abogado del apelante; *López de Tord & Zayas Pizarro,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de una moción para desestimar el recurso porque el apelante dejó de radicar en la corte inferior la transcripción de la evidencia dentro del tiempo concedídole, y, en consecuencia, inferimos, no perfeccionó su apelación para ante este tribunal. Resulta que en la Corte de Distrito de Ponce al apelante se le exigió que consignara en secretaría doscientos dólares para honorarios del taquígrafo. El apelante radicó una moción de prórroga para radicar la transcripción de la evidencia, y alegando ser insolvente solicitó que se dictara una orden permitiéndole tramitar su apelación *in forma pauperis.* La corte denegó esas mociones. El aquí apelante también apeló de las resoluciones rehusando permitirle proseguir su recurso *in forma pauperis* y negándole la prórroga.

En oposición a la moción para desestimar, el apelante dice que su recurso principal es meritorio y que el caso no debe ser desestimado, en razón a las apelaciones existentes contra las susodichas resoluciones de la corte.

La apelada dice que las referidas resoluciones no son apelables. El apelante mantiene que son órdenes dictadas después de sentencia y, por tanto, apelables a tenor del inciso 3 del artículo 295 del Código de Enjuiciamiento Civil, y cita casos a ese efecto. *Avalo Sánchez* v. *Sucn. Díaz,* 9 D. P.R. 339; *Ayoroa* v. *Sucn. Méndez et al.,* 13 D.P.R. 286; *Hernaiz Targa* v. *Vivas,* 20 D.P.R. 106. Véase también *Ríos* v. *Ríos,* 15 D.P.R. 280.

Más bien creemos que una orden de esta índole es apelable, pero este hecho no impide necesariamente que este tribunal desestime la apelación en el caso principal. Resolve-

704

mos que cuando el apelante no obtuvo una prórroga surgió el derecho a favor de la apelada de solicitar la desestimación por no haberse cumplido con la ley o las reglas de esta corte. ¿Debe el hecho de que una parte haya apelado de una orden de la corte negándose a concederle una prórroga impedir que la apelada obtenga la desestimación en todos los casos? Puede verse fácilmente que todo lo que un apelante necesita hacer en tal caso sería apelar de cualquier orden de la corte rehusando darle una prórroga, y así todos los casos podrían ser dilatados indefinidamente. El deber del apelante fué convencer a este tribunal de que sus apelaciones de las órdenes negándole la prórroga y el derecho a litigar *in forma pauperis* eran meritorias. A falta de habernos demostrado tal cosa, el derecho a que se desestime la apelación en este caso no debe ser demorado o pospuesto.

Si surgiera el problema respecto a qué será de las apelaciones que el demandado ha interpuesto contra las dos resoluciones, la contestación sería que esos recursos han llegado a ser académicos y carentes de finalidad práctica. El apelante perdió su derecho a proseguir su apelación en el caso principal al dejar de justificar la naturaleza meritoria de las mociones posteriores a la sentencia. La práctica preferible es no apelar sino acudir a este tribunal al amparo del Reglamento o por medio de petición especial.

*Por los motivos de la moción para desestimar, unidos a la omisión del apelante al no justificar sus actuaciones subsiguientes, debe desestimarse la apelación en este caso.*