INÉS DE CHOUDENS, representada por su defensor judicial FRANCISCO GARCÍA, demandante y apelada, *v.* RAFAEL PORTILLA, demandado y apelante.

Núm. 7488.—*Sometido:* Enero 24, 1938.—*Resuelto:* Marzo 25, 1938.

*J. M. Calderón, Jr.,* abogado del apelante; *C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Con fecha 30 de diciembre de 1936 el juez de distrito suspendió la ejecución de una sentencia mientras se oía y resol-

vía una moción para dejar sin efecto la sentencia y abrir la rebeldía. En 4 de enero de 1937, a moción de la parte demandante, el juez reconsideró la orden anterior e incluyó en ella la suma de $100 para gastos, costas, desembolsos y honorarios de abogado. Esta orden fué notificada el 5 de enero. El mismo día el demandado solicitó se dejara sin efecto la resolución de enero 4. Con fecha 23 de dicho mes el juez declaró sin lugar la moción del demandado. Esta resolución fué notificada el 25 de enero. En 2 de febrero el demandado radicó su escrito de apelación contra la orden de enero 23. La apelada solicita ahora se desestime el recurso. La cuestión es si la orden de enero 23 era una "providencia especial dictada después de una sentencia definitiva," dentro del significado del inciso tercero del artículo 295 del Código de Enjuiciamiento Civil que autoriza una apelación contra tal providencia especial.

En *Fajardo Development Co.* v. *Sucn. Morfi,* 17 D.P.R. 1120, 1122, este tribunal dijo:

"Es una proposición general que no se puede apelar de la resolución de una corte por la que ésta se niega a dejar sin efecto una orden que es apelable por sí. Pero, puede ser que esta regla general, a semejanza de todas las demás, tenga excepciones en ciertos casos. No debe olvidarse que la orden de 8 de mayo de 1911 era virtualmente una sentencia dictada en rebeldía porque los apelantes habían dejado de presentar, dentro de cierto período, sus objeciones contra el memorándum de costas. Aunque los demandantes pudieran haber interpuesto recurso de apelación contra dicha orden, habría sido muy difícil conseguir la completa revisión del caso, en virtud de los supuestos méritos del mismo, y en tales casos, se ha permitido que se presente una moción solicitando que se deje sin efecto la rebeldía, y que en el caso de una negativa se apele de la resolución denegando la moción. (*McCormick* v. *Belvin,* 96 Cal. 182; *De la Montanya* v. *De la Montanya,* 112 Cal. 101; *Pignaz* v. *Burnett,* 119 Cal. 157; *Thompson* v. *Alford,* 128 Cal. 227."

Véase también 3 C. J. 509, sección 339; id. 521, sección 355; *Meis* v. *Collins,* 36 Pac. (2d) 662.

En el presente caso el apelante en oposición a la moción de la parte apelada, descansa en los casos de *José Martínez v. José Pilar de Santiago,* 3 Castro 135 (10 D.P.R. 259) ; *Sucn. de María Díaz v. Avalo,* 2 Castro 637 (9 D.P.R. 339) ; *Ríos v. Ríos,* 15 D.P.R. 281, y *Vázquez v. Sucesión Alicea,* 52 D.P.R. 257. Los primeros tres de estos casos dejan de sostener la contención del apelante al efecto de que la resolución de enero 23 era una "providencia especial dictada después de una sentencia definitiva" dentro del significado del inciso tercero del artículo 295, supra. El caso de *Vázquez v. Sucn. Alicea* no establece ningún derecho de apelación distinto a los conferidos por el estatuto. El apelante en su alegato radicado en apelación no especifica la orden de enero 23 como un error. El único señalamiento con que nos confrontamos ahora es que la corte de distrito cometió error al conceder la suma de $100 para costas, desembolsos y honorarios de abogado en su resolución de enero 4. Que la cuestión así planteada puede ser revisada en la apelación interpuesta contra la orden de enero 4 es de por sí evidente. Por tanto, la resolución de enero 23, aunque dictada después de una sentencia definitiva, no era una "providencia especial."

*Debe desestimarse el recurso.*

El Juez Asociado Señor Córdova Dávila no intervino.