THE AMERICAN RAILROAD CO. OF PORTO RICO *v.* QUIÑONES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 606.—Resuelto en marzo 10, 1911.

APELACIÓN.—Una resolución de la corte inferior negando una moción para que se anule ,o deje sin efecto otra orden o sentencia que puede ser objeto de apelación, no es apelable para ante el Tribunal Supremo.

ID.—JURISDICCIÓN DE LA CORTE INFERIOR.—Una apelación contra una resolución que no es apelable no afecta en modo alguno la jurisdicción de la corte inferior para seguir conociendo del litigio.

ID.—ORDEN DESESTIMANDO EXCEPCIONES PREVIAS.—Una orden de la corte inferior declarando sin lugar unas excepciones previas y concediendo un término para contestar la demanda, no es apelable, pudiendo ser objeto de revisión en la apelación que se establezca contra la sentencia definitiva.

ID.—SENTENCIA QUOD RECUPERET.—Si negadas las excepciones, y concedido un término para contestar, el demandado sometiere definitivamente el caso por el mérito de las alegaciones, pidiendo que se dicte sentencia sin haber presentado contestación alguna, la sentencia así dictada, que se titula *quod recuperet,* es definitiva y termina el derecho de acción.

ID.—EXPROPIACIÓN FORZOSA—DAÑOS Y PERJUICIOS.—Una sentencia *quod recuperet* debe distarse de acuerdo con los hechos alegados y la ley a ellos aplicable, y cuando se trate de un caso de expropiación, como el de autos, en que la sentencia debe comprender, no sólo el valor de la cosa expropiada, sino también los daños y perjuicios ocasionados por virtud de la expropiación, la corte debe conceder una oportunidad de que se justifiquen tales daños a fin de fijar la cantidad que por tal concepto debe satisfacer el demandante.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Eduardo Acuña y José E. Figueras.*

Abogados del apelado: *Sres. N. B. K. Pettingill y Fernando Vázquez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Este es un caso sobre expropiación forzosa. Presentada la demanda, el demandante alegó las siguientes excepciones: (*a*), que la corte no tiene jurisdicción por la materia de la acción; (*b*), que la demanda es ambigua, ininteligible y dudosa; y (*c*), que la demanda no aduce hechos suficientes para determinar una causa de acción.

Al celebrarse la vista de las excepciones, ocurrió, según se hizo constar por el secretario en el libro de minutas de la corte de distrito, lo siguiente:

"Hoy día nueve de agosto de 1910, día señalado por la corte para la discusión de las excepciones previas opuestas por el demandado en esta causa, comparecen las partes representadas por los abogados N. B. K. Pettingill como abogado asociado de los Sres. Cornwell y Vázquez y el Señor Benito Forés.

"La corte, oída la lectura de los alegatos y argumentos orales de los letrados concurrentes, declara sin lugar las excepciones previas y concede diez días al demandado para contestar la demanda.

"El Señor Benito Forés pide a la corte dicte su sentencia final en contra del demandado sobre esta acción, en sus méritos aceptando las responsabilidades consiguientes y la corte reservó su resolución."

El día 1º. de agosto de 1910, la corte de distrito dictó la

sentencia apelada declarando al demandado expropiado para siempre de la faja de terreno a que se refiere la demanda. En la sentencia se describe la faja de terreno y además:

"Se falla, decreta y ordena, que la demandante, The American Railroad Company of Porto Rico, satisfaga al demandado Vicente Quiñones, la suma de setenta y cinco dollars que es el precio que se fija en la demanda a dicha faja de terreno y al cual debe sujetarse la corte, sin parar mientes en lo que haya podido resolverse en procedimientos anteriores; sin especial condenación de costas."

El demandado, invocando el artículo 140 del Código de Enjuiciamiento Civil, solicitó se le eximiera de los efectos de la sentencia dictada y la corte se negó a ello por orden de 24 de agosto de 1910, contra la cual se interpuso también recurso de apelación.

"La Corte Suprema no tiene jurisdicción para conocer de una apelación de una orden rehusando anular una sentencia u orden apelables." (Eureka, etc., R. R. Co. *v.* McGrath, 74 Cal., 49; In re Get Young, 90 Cal., 77 y otros citados en Pomeroy, Codes of Cal., Ann. Civil Procedure, pág. 939.)

"Cuando la sentencia u orden son apelables por sí mismas, la apelación debe establecerse de la sentencia o la orden, y no de una orden subsiguiente rehusando anularlas." (*Goyhinech v. Goyhinech,* 80 Cal., 409.)

En tal virtud y visto lo dispuesto en el artículo 295 de nuestro Código de Enjuiciamiento Civil y atendidas las circunstancias de este caso, debemos desestimar la apelación establecida contra la orden de 24 de agosto de 1910, limitándonos a considerar la interpuesta contra la sentencia y a resolverla por sus propios méritos.

Examinaremos primero las excepciones del demandado, luego si procedía o no dictar sentencia resolviendo definitivamente el pleito y, por último, la sentencia dictada.

La excepción de falta de jurisdicción se funda en que la parte demandante pidió permiso a la corte de distrito para enmendar su primitiva demanda y se le concedió para presentar

como nueva la demanda enmendada y en que contra tal resolución de la corte, el demandado interpuso recurso de apelación que estaba pendiente en el Supremo, siendo, por tanto, el Tribunal Supremo el único que tenía jurisdicción en el caso. Como tal apelación de haberse interpuesto era improcedente porque la orden no era apelable, cae por su base todo el argumento del demandado.

Las excepciones de ambigüedad, ininteligencia y duda, y de falta de hechos suficientes para determinar una causa de acción, carecen de fundamento a nuestro juicio. De los hechos alegados por la demandante en su demanda, surge claro y distinto su derecho a la expropiación que solicita.

Tales hechos, en resumen, son los siguientes: Que la demandante es una corporación organizada bajo las leyes del Estado de Nueva York con licencia para hacer y haciendo negocios en Puerto Rico; que su propósito es construir y poseer una línea de ferrocarril de uso público para el transporte de mercancías y pasajeros en Puerto Rico; que a virtud de una franquicia concedídale por el Consejo Ejecutivo de Puerto Rico, el 28 de octubre de 1901, una copia de la cual se acompaña a la demanda, explota una línea de ferrocarril entre Ponce y San Juan, pasando por San Germán y Mayagüez; que para construir cierto ramal ferroviario de uso público para el transporte de mercancías y pasajeros desde un punto de la línea principal entre las estaciones de San Germán y Hormigueros, solicitó, y obtuvo el 5 de marzo de 1908, una franquicia del Consejo Ejecutivo de Puerto Rico aprobada por el Gobernador y por el Presidente de los Estados Unidos, una copia de la cual también se acompaña a la demanda; que aceptada dicha franquicia, construyó el expresado ramal teniendo necesidad de usar una faja de terreno de 2,844 metros 40 centímetros cuadrados, que se describe detalladamente; que trató de comprar dicha faja de terreno a su dueño, el demandado, pero éste se negó a venderla; que trató de expropiar y expropió dicha faja de terreno; pero que los procedimientos fueron desestimados por la Corte Suprema, acom-

pañándose copias de la opinión y sentencia de este tribunal; que de acuerdo con la ley de expropiación de 1908 y la opinión del Supremo, solicitó y obtuvo del Consejo Ejecutivo de Puerto Rico una ordenanza, copia de la cual se acompaña a la demanda, declarando el ramal de que se trata de utilidad pública; que tal ordenanza se concedió después de haber oído el Consejo a la peticionaria y al demandado y que la dicha faja de terreno es necesaria para la construcción del ramal; que el valor de la propiedad que se debe expropiar es de $75 dollars; que la corte en el primer juicio fijó el valor del terreno y todos los daños y perjuicios en $300 y que la demandante tenía en depósito a las órdenes de la corte la cantidad de $375 y además una fianza por cinco mil dollars para cubrir el valor de dichos terrenos y cualesquiera daños que pudiera sufrir el demandado.

La corte sentenciadora en este caso, al resolver las excepciones, se limitó a declararlas sin lugar, concediendo al demandado diez días para contestar la demanda. Una orden resolviendo excepciones previas, no es apelable. El pleito sigue su curso y sólo en la apelación que se establezca de la sentencia final que lo decida, podrá discutirse en la corte de apelación la orden resolviendo las excepciones.

Pero cuando se dicta sentencia sobre las excepciones, entonces tal sentencia es apelable porque por ella se resuelve definitivamente el pleito.

En este caso aparece que, a los efectos de las excepciones previas, el demandado aceptó la certeza de los hechos consignados en la demanda. La corte, como ya hemos dicho, resolvió la cuestión de derecho planteada en contra del demandado y fijó un término dentro del cual podía el demandado contestar la demanda.

El demandado tuvo, pues, la oportunidad de negar los hechos alegados por la demandante, si es que tales no eran ciertos, pero él no lo hizo así y al pedir que se dictara sentencia final, él mismo sometió definitivamente el caso a la decisión de la corte por el mérito de las alegaciones.

Una sentencia dictada bajo esas circunstancias, es definitiva y termina el derecho de acción. Se titula *"quod recuperet"*, esto es, "que el demandante recobre." (Véase 1 Black on Judgments, pág. 19.)

Ahora bien; ¿está en todos sus pronunciamientos, la sentencia dictada, de acuerdó con los hechos alegados y con la ley aplicable?

A nuestro juicio lo está en cuanto decretó la expropiación, pero no en cuanto ordenó que el demandado percibiera como única compensación la suma de $75.

Si bien la demandante alegó que dicha suma representaba el valor del terreno y tal alegación debe considerarse como admitida por el demandado, la misma demandante asumió que podían existir daños y perjuicios y pidió a la corte que determinase la totalidad de la compensación que debía satisfacer. La súplica de la demanda es como sigue:

"Por lo tanto su peticionaria solicita que sea decretado que el servicio público requiere la expropiación forzosa de la real propiedad antes descrita, y que su peticionaria tenga derecho a tomar y poseer la misma para el uso público especificando previo la debida compensación, y que la corte determine la totalidad de la compensación que se ha de dar al dicho José Vicente Quiñones por la propiedad así tomada."

En las sentencias definitivas que se dicten en casos de expropiación, se fijará la cantidad que el demandante deba satisfacer al demandado comprendiéndose en tal cantidad, no solo el valor de la cosa de la cual se priva al propietario, sino también el de los daños y perjuicios que se le ocasionen. Estamos conformes con la corte sentenciadora en que para fijar los daños y perjuicios en este caso no podía servir de base la apreciación hecha en una sentencia que fué totalmente revocada, pero la corte debió haber concedido una oportunidad para que se presentaran pruebas, si existían, de daños y perjuicios, y, por el mérito de dichas pruebas, fijar la suma que por tal concepto debía satisfacer la demandante al demandado.

En tal virtud la apelación establecida contra la orden de 24 de agosto de 1910, debe desestimarse, y la sentencia apelada debe confirmarse en lo conforme y revocarse en lo adverso con esta opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociado Sr. Wolf.

Los Jueces Asociados Sres. MacLeary y Aldrey, no intervinieron en la resolución de este caso.