## THE FAJARDO DEVELOPMENT CO. *v.* SUCESIÓN MORFI.

### APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 730.—Resuelto en diciembre 5, 1911.

COSTAS—RESOLUCIONES APELABLES—ORDEN DENEGANDO DEJAR SIN EFECTO UNA ORDEN APELABLE.—Teniendo en cuenta que una orden aprobando un *memorandum* de costas por no haber sido impugnado oportunamente, equivale a una sentencia en rebeldía, y como excepción a la regla general de que es inapelable una resolución denegando una moción para dejar sin efecto otra resolución apelable, los tribunales han sentado la doctrina de que en estos casos puede apelarse contra una orden denegando la moción para dejar sin efecto la orden aprobatoria de un *memorandum* de costas por no haber sido impugnado en su oportunidad.

ERRORES FUNDAMENTALES—APROBACIÓN DEL MEMORANDUM DE COSTAS—FALTA DE IMPUGNACIÓN—DISCRECIÓN DEL TRIBUNAL.—Aun cuando un *memorandum* de costas no haya sido impugnado por la parte condenada al pago, el tribunal sentenciador no debe aprobarlo en 'su totalidad por ese mero hecho, sin antes examinarlo y en el ejercicio de su facultad discrecional conceder aquellas cantidades que estime justas y razonables.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Armstrong & Keith y Luis Muñoz Morales.*

Abogados del apelado: *Sres. Aponte y Aponte.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

La presente apelación se refiere a una cuenta de costas, incluyendo un memorandum de honorarios de abogados, ascendente a $1,100. Ante la Corte de Distrito de Humacao, se entabló por The Fajardo Development Co. una demanda contra los bienes relictos de Bautista Morfi, para compeler el otorgamiento de una escritura de traspaso de un predio de terreno cuyo valor excede de quinientos dollars ($500). Después de varias excepciones por parte de los demandados, y una contestación basada en los méritos del caso, la demandante pidió por moción escrita que la corte se sirviera tenerla por desistida en dicha acción; la cual petición fue concedida, dictándose por la corte sentencia de acuerdo con la misma, en 20 de abril pasado, e imponiéndose las costas a la demandante. En 22 de abril de 1911, uno de los demandados, o sea el apelado, presentó al secretario de la corte de distrito, un memorandum de costas, del cual envió copia el mismo día, por correo, al abogado de la parte contraria.

El 5 de mayo, o sea catorce días después, el apelado presentó a la corte una moción, solicitando de la misma, la aprobación de su memorandum de costas, la cual aprobación fué ordenada por la misma corte el 8 de mayo. Dicha orden fué notificada a los abogados del apelante, y éstos en 10 del mismo mes, presentaron a la corte una moción, solicitando la reconsideración de la misma. Esa moción fué denegada; y contra la resolución denegando la moción por la que se suplicó a la corte se sirviera dejar sin efecto la orden aprobando el memorandum de costas, se ha interpuesto el presente recurso de apelación.

El apelado presentó oportunamente una moción ante este tribunal, solicitando que se desestimara el recurso de apela-

ción por el motivo de que la resolución apelada no era apelable. Este tribunal aplazó la decisión de dicha moción con el fin de resolver después de haber oído todo el caso.

Nos parece conveniente discutir el caso según ha sido presentado por el apelado, o sea en la forma de las tres proposiciones siguientes:

"1. El recurso debe desestimarse porque no es apelable la orden contra la cual se ha establecido.

"2. La resolución inferior debe confirmarse porque los errores que alega el apelante, no aparecen del pliego de exposición del caso, aparte de que aun teniendo en cuenta dicha exposición, tales errores, así llamados por el apelante, no son en realidad errores, sino justicia a secas.

"3. La orden apelada debe ser confirmada porque el tribunal sentenciador cumplió estrictamente con la ley al dictar su resolución."

Discutiremos estas cuestiones por el orden en que han sido presentadas.

Es una proposición general que no se puede apelar de la resolución de una corte por la que ésta se niega a dejar sin efecto una orden que es apelable por sí. Pero, puede ser que esta regla general, a semejanza de todas las demás, tenga excepciones en ciertos casos. No debe olvidarse que la orden de 8 de mayo de 1911 era virtualmente una sentencia dictada en rebeldía porque los apelantes habían dejado de presentar, dentro de cierto período, sus objeciones contra el memorandum de costas. Aunque los demandantes pudieran haber interpuesto recurso de apelación contra dicha orden, habría sido muy difícil conseguir la completa revisión del caso, en virtud de los supuestos méritos del mismo, y en tales casos, se ha permitido que se presente una moción solicitando que se deje sin efecto la rebeldía, y que en el caso de una negativa, se apele de la resolución denegando la moción. (*McCormick* v. *Belvin*, 96 Cal., 182; *De la Montanya* v. *De la Montanya*, 112 Cal., 101; *Pignaz* v. *Burnett*, 119 Cal., 157; *Thompson* v. *Alford*, 128 Cal., 227.)

Considerando como consideramos, que el presente caso constituye una excepción de la regla general, y encontrando

que la resolución denegando la moción por la que se suplica a
la corte se sirva dejar sin efecto la orden aprobando el memo-
randum de costas, es apelable, debe desestimarse la moción
solicitando que se desestime esta apelación.

Esto nos lleva a la consideración de la segunda proposi-
ción consignada en la presente. Puede ser que los errores en
que según afirma el apelante, incurrió la corte inferior en sus
resoluciones, no se habían consignado en debida forma; pero
toda vez que tales errores, si realmente lo eran, son errores
fundamentales, la corte, de acuerdo con las reglas, los tomará
en consideración; así es que preferimos hacer caso omiso de
dicha objeción y examinar dichos errores detenidamente. La
resolución de la corte sentenciadora, aprobando el memoran-
dum de costas, incluso los honorarios de abogados, parece
que se funda en la idea de que, habiendo dejado la deman-
dante de presentar objeción alguna contra el mismo, la corte
debía considerar dicho memorandum como completamente
correcto. Ese no es nuestro parecer con respecto a este asun-
to. Ya se impugne o nó el memorandum, la cuestión de hono-
rarios de abogados queda confiada por la ley a la discreción
de la corte. (Véanse las leyes de la Asamblea Legislativa de
1908, pág. 85.) Si la corte hubiese ejercido su discreción en el
asunto, y luego hubiese aprobado el memorandum de costas,
hubiéramos entonces creído conveniente modificar la resolu-
ción de la corte, sólo en el caso de que los autos hubieran de-
mostrado un abuso de esa discreción. Pero cuando la corte
se niega a ejercer discreción alguna en el asunto, entonces
claramente incurre en error y no puede reclamar nuestra
aprobación para su resolución. La corte debe considerar la
importancia del trabajo y de los conocimientos profesionales
empleados por los abogados en el presente caso, y el valor de
los mismos, y llegar de este modo a la determinación de la
cantidad que debe concedérseles por concepto de honorarios.

Ahora llegamos a la tercera proposición según ha sido
presentada por el apelado. Por las razones alegadas con mo-
tivo de la segunda proposición no podemos estar de acuerdo

con dicha tercera proposición y debemos por lo tanto considerarla como errónea.

Por las razones expuestas, debemos declarar que la Corte de Distrito de Humacao incurrió en error, al negarse a dejar sin efecto la orden aprobando el memorandum de costas; y debe ordenarse a dicha corte que oiga las partes a favor y en contra del memorandum de costas; y que después de haber considerado todos los hechos en pro y en contra, y de haber ejercido una sana discreción judicial en dicho asunto, desapruebe dicho memorandum o apruebe la suma que el demandado Morfi tenga derecho a recobrar en el asunto.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.