A. HARTMAN Y CÍA., DEMANDANTE Y APELADA, *v.* CIVIDANES, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en un pleito de desahucio.

MOCIÓN de reconsideración.

No. 2158.—Resuelto en enero 29, 1920.

RESOLUCIONES INAPELABLES—RECONSIDERACIÓN DE SENTENCIA—APELACIÓN.—Una resolución que niega la reconsideración de una sentencia, es inapelable. En los casos en que la ley concede el recurso de apelación contra una sentencia la apelación debe interponerse contra ésta y no contra la resolución que se niega a reconsiderarla.

JURISDICCIÓN DEL TRIBUNAL SUPREMO—DESAHUCIO—APELACIÓN.—El Tribunal Supremo carece de jurisdicción para conocer de una apelación de sentencia dictada en un caso de desahucio iniciado en una corte municipal.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Luis Muñoz Morales.*

Abogado de la apelada: *Sr. A. Martínez Dávila.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Conociendo la Corte de Distrito de Guayama en grado de apelación de un juicio de desahucio establecido por A. Hartman y Cía. contra don Manuel Cividanes, dictó sentencia declarándolo con lugar. Pidió el demandado a la corte inferior que reconsiderase su sentencia y habiendo sido desestimada esa moción en 24 de julio de 1919 interpuso recurso de apelación en 29 del mismo julio contra la resolución que se negó a reconsiderar la sentencia. Ahora el apelado nos pide que desestimemos esa apelación.

Cuando la ley concede el recurso de apelación contra una sentencia, la apelación debe interponerse contra ella y no contra la resolución que se niega a reconsiderarla. Además, en el caso presente la ley no concede recurso de apelación contra la sentencia que dictó la corte de distrito en el juicio de desahucio en grado de apelación pues la sección 10 de la ley de 9 de marzo de 1905 estableciendo el procedimiento para el desahucio dispone que en dichos juicios no se concederá en ningún caso más de una apelación que se establecerá para ante la corte de distrito de las sentencias dictadas por las cortes municipales, y para ante la Corte Suprema de las dictadas en primera instancia por las cortes de distrito, disposición que según dijimos en el caso de *Tilén* v. *Mena,* 24 D. P. R. 817, tiene por objeto, según aparece de su faz, regular las apelaciones y nada dispone para ninguna apelación como no sea contra la sentencia. El razonamiento expuesto por nosotros en el caso de *Mora* v. *Rosalí,* 18 D. P. R. 173, citado en los de *Ocasio* v. *Enrique Monllor y Cía.* y de *Herrera* v. *Herederos de Otero,* 18 D. P. R. 444 y 446, en que nos negamos a considerar un *certiorari* establecido contra la negativa de concesión de un nuevo juicio solicitado después de dictarse sentencia en un caso que no era apelable para ante este Tribunal Supremo porque por ese medio se podría llegar a la revocación de una sentencia que mediante recurso de ape-

lación contra ella no podría ser revocada por falta de jurisdicción, es aplicable también al caso presente.

Careciendo pues de jurisdicción para conocer de la apelación interpuesta por don Manuel Cividanes contra la resolución de 24 de julio de 1919 que negó la reconsideración de la sentencia dictada en este caso, debemos desestimar la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.