RIVERA, DEMANDANTE Y APELADO, *v.* MEDINA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre tercería de bienes inmuebles.

No. 2148.—Resuelto en julio 29, 1920.

TÉRMINO PARA APELAR—RECONSIDERACIÓN DE SENTENCIA.—Cuando ·el término dentro del cual debe interponerse la apelación ha vencido, el derecho a apelar no podrá ser revalidado por la radicación de una moción de reconsideración con el solo objeto de revivir cuestiones resueltas por sentencia definitiva.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. Domínguez Rubio.*

Abogado del apelado: *Sr. M. Marcos Morales.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Monserrate y Bernabela Medina y Rodríguez en una acción establecida contra John and Richard Doe, o sean, los herederos desconocidos de la sucesión de Marcos Rovira y Castaños y Micaela Colón, embargaron como bienes de dicha sucesión cierta propiedad inmueble.

Juan Delfín Rivera, en su carácter de dueño de la propiedad en cuestión estableció demanda contra el demandante y las demandadas en la acción arriba indicada para establecer su derecho como tal dueño y anular el embargo arriba descrito. En diciembre 6, 1918 la corte de distrito dictó sentencia a favor del demandante tercerista, resolviendo que la finca en cuestión es de la exclusiva propiedad del demandante, levantando el embargo trabado, con pronunciamiento ordinario relativo a costas, desembolsos y honorarios de abogado de conformidad con la súplica de la demanda de tercería.

En enero 7 de 1918 y después de expirado el término dentro del cual las demandadas pudieron haber interpuesto re-

curso de apelación contra la sentencia a que nos hemos referido, Monserrate y Bernabela Medina y Rodríguez presentáron una moción de reconsideración de la sentencia así dictada, basada en las siguientes razones:

"1°. Consta de los autos que la finca que embargaron las demandadas al tratar de hacer efectiva la sentencia que se dictara por V. H. con fecha 9 de junio de 1917 en el pleito que ellas seguían contra la sucesión desconocida de Juan y Ricardo Doe, o sea la sucesión de Marcos Rovira y Castaños y Micaela Colón, de paradero desconocido, pertenecía al dicho Marcos Rovira Castaños a cuyo favor estaba inscrita en el Registro de la Propiedad de Caguas, gravada con una mención por parte del precio aplazado.

"2°. V. H. no resuelve en la sentencia si la finca objeto del embargo es la misma de la tercería y que mejor derecho tiene sobre ella Juan Delfín Rivera ya que si bien se dice que el dominio de la misma consta inscrito a favor del dicho Juan Delfín Rivera, no es menos cierto que también consta dicha finca inscrita a favor de Marcos Rovira Castaños por venta que le hiciera Pedro Moderado Medina, sin que conste que el asiento de dominio a favor del Rovira hubiera sido cancelado.

"3°. Tampoco resuelve la cuestión de identidad ni de cuantía. Porque si bien se ha presentado un expediente de dominio por el Sr. Juan Delfín Rivera, es lo cierto que del mismo resulta que la finca la adquirió por compra a Micaela Colón esposa del Rovira sin que se justificara que él (el Rovira) hubiese fallecido y se hubiese liquidado la sociedad de gananciales.

"Porque en todo caso en este asunto existe un conflicto de títulos que la honorable corte no podía dirimir en una tercería y la sentencia debió ser sin perjuicio de los derechos de las demandadas a entablar cualquier recurso tendente a proteger su crédito por parte del precio aplazado en la venta hecha por Medina a Rovira.

"En lo que respecta a costas, gastos, desembolsos y honorarios de letrado:

"1. Las demandadas en este caso no son demandadas tercerarias ni de mala fe; ellas sólo ejecutaban una sentencia dictada por V. H. en junio 8 de 1917, en el pleito que sobre cobro de dinero seguían *Monserrate y Bernabela Medina y Rodríguez* v. *Juan y Ricardo Doe,* o sea la sucesión de Marcos Rovira Castaños y Micaela Colón, de paradero desconocido, en cuya sentencia dice V. H. 'de la prueba practicada aparecen probados todos los extremos esen-

ciales de la demanda, demostrando dicha prueba la existencia de la deuda y el no haber sido satisfecha;' entre las alegaciones de la referida demanda que V. H. declaró probadas existen las siguientes:

"1º. Que por escritura número 44, otorgada ante don Luis Muñoz Morales en Cayey el 28 de febrero de 1896, Pedro Moderado Medina, padre legítimo de las demandadas, vendió a don Marcos Rovira y Castaños, mayor de edad, casado, la siguiente finca rústica:

" 'Predio radicado en el barrio de Honduras, Municipio de Barranquitas, compuesto de 80 cuerdas de terreno, equivalentes a 31 hectáreas, 44 áreas y 32 centiáreas, y colindante por el ·Norte, siguiendo una hoya con Ramón Benítez y Marcelino Rivera, digo Rodríguez, hoy Delfín Rivera, por el Sur, desde un tocón de Capá prieto con Marcelino Rodríguez, hoy Natividad González, por el Este por el lomo de una cuchilla con Mauricio Rolón, hoy Natividad González y por el Oeste el río de la Plata.'

"El precio de esta venta era la suma de 2,425 pesos, moneda especial corriente a la fecha de la venta, de los cuales recibió el vendedor 1,000 pesos y los 1,425 restantes se obligaba el comprador a satisfacerlos en 7 plazos anuales de $203.57 centavos cada uno, venciendo el primero el día primero de febrero de 1897, y los demás en los años subsiguientes, siendo convenido que la finca objeto' de este contrato, quedará afecta a la responsabilidad del pago de los plazos estipulados, y que esta condición sea mencionada en el registro de la propiedad. En él consta inscrita dicha finca con mención del aplazado al folio 27 del tomo 7 de Barranquitas, finca 322, inscripción primera.

"5º. Que el citado Marcos Rovira Castaños falleció en Barranquitas el día 20 de enero de 1898 estando casado con Micaela Colón, sin haber dejado hijos y sin haber otorgado testamento.

"2. En estas condiciones presentó el demandante su tercería sin que pudieran las demandadas abandonar la ejecución de su sentencia, firme, dictada con todas las solemnidades de ley. Las demandadas sólo ejercían el derecho de legítima defensa cuando eran atacadas en un pleito cuyo objeto era impedir la ejecución de la sentencia.

"3. Las demandadas probaron todos los extremos de su contestación a la demanda."

En febrero 7 las demandadas, a las cuales acabamos de referirnos, interpusieron recurso de apelación contra la reso-

lución de fecha enero 30 declarando sin lugar la solicitud de reconsideración, y alegan como errores los siguientes:

"*Primero:* Indebida apreciación de la prueba en conjunto e indebida apreciación de la prueba de las demandadas hermanas Medina.

"*Segundo:* Indebida aplicación de los principios hipotecarios relacionados con la materia en controversia.

"*Tercero:* Falta de resolver en la sentencia cuestiones que fueron sometidas y sobre las cuales había prueba en los autos.

"*Cuarto:* Indebido pronunciamiento de costas, gastos, desembolsos y honorarios de letrado."

Resulta por sí evidente en vista de las mociones de referencia, así como del señalamiento de errores que acabamos de citar que el objeto de dicha moción era, y lo es también el de la presente apelación, revisar cuestiones resueltas por la sentencia definitiva dictada en diciembre 6, 1918, contra la cual no se interpuso en tiempo recurso de apelación y que por tanto llegó a ser firme y a tener autoridad de cosa juzgada. Cuando el término dentro del cual debe interponerse la apelación ha vencido, el derecho a apelar no podrá ser revalidado por la radicación de una moción de reconsideración.

Nota al caso de *Conradt* v. *Lepper,* 3 Ann. Cas. 630.

Debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.