MARÍA, ESTEBANÍA Y ALFONSA DEL ROSARIO Y ARMANDO Y EDUARDO CHICO SOLER, demandantes y apelantes, *v.* HIGINIO ALLENDE CRUZ Y JUAN COTTO PEREIRA, este último por su administrador judicial demandados y apelados.

No. 3376.—*Visto:* Febrero 17, 1925. *Resuelto:* Mayo 19, 1926.

1. APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—NATURALEZA, ALCANCE Y EFECTO DE LA DECISIÓN—RESOLUCIÓN NEGANDO RECONSIDERACIÓN DE SENTENCIA.—La resolución negando la reconsideración de una sentencia no es una providencia especial ni es de aquellas contra las cuales se da el recurso de apelación.

2. APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—NATURALEZA, ALCANCE Y EFECTO DE LA DECISIÓN—RESOLUCIÓN NEGANDO RECONSIDERACIÓN DE SENTENCIA.—Denegada reconsideración de sentencia, la apelación debe interponerse contra la sentencia que resolvió el litigio y no contra la providencia que denegó su reconsideración.

3. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—TÉRMINO PARA INTERPONER EL RECURSO—APELACIÓN INTERPUESTA FUERA DEL TÉRMINO—EFECTO.—Archivado con los autos de un caso copia de la notificación de sentencia hecha por el secretario a la parte que puede apelar, aún cuando la copia así archivada no esté firmada por el secretario, si la apelación se interpone fuera del término legal empezado éste a contar desde la fecha del archivo de dicha copia, procede desestimar la apelación interpuesta.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar la demanda, con costas; y RESOLUCIÓN del mismo juez declarando sin lugar moción de reconsideración. *Desestimadas las apelaciones contra la anterior sentencia y resolución.*

*M. Tous Soto* y *Enrique Campillo,* abogados de los apelantes; *José Martínez Dávila,* abogado del apelado Cotto Pereira.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La parte apelada nos pide en su alegato contestando el de los apelantes que desestimemos esta apelación por haber sido interpuesta fuera del término concedido por la ley para apelar de las sentencias dictadas en los juicios.

La sentencia que resolvió este pleito fué dictada y registrada el 4 de mayo de 1922, el día del juicio, inmediatamente, como dicen los apelantes en su alegato; en la misma sesión del tribunal, como aparece de la exposición del caso.

En los autos existe copia de la notificación que el 5 de

mayo de 1922 hizo el secretario de la corte inferior de la sentencia a uno de los abogados de la parte demandante, aunque no está firmada; y según declaración jurada de dicho secretario que nos ha sido presentada, al respaldo de un impreso de notificación de sentencias civiles unido a los autos de este pleito aparece escrito en maquinilla lo siguiente: "Certifico: que con esta fecha he remitido por correo el original de esta notificación, dejando esta copia unida al récord. San Juan, P. R., Mayo 5 de 1922": No está firmado.

Cuatro días después de dictada la sentencia pidieron su reconsideración los demandantes y habiéndole sido negada insistieron nuevamente en ella el 26 de octubre de 1922, siéndole negada otra vez el 1º de junio de 1923 y ocho días después interpusieron apelación contra la negativa de reconsideración y contra la sentencia dictada un año antes.

[1, 2] Si bien la resolución negando la reconsideración solicitada por los demandantes es una providencia dictada después de sentencia no es una providencia especial porque puede ser revisada mediante una apelación interpuesta contra la sentencia misma, *Ríos et al.* v. *Ríos*, 15 D.P.R. 281, y por tanto no es de las providencias contra las cuales permite apelación el No. 3º del artículo 295 del Código de Enjuiciamiento Civil. Además, según hemos resuelto en repetidas ocasiones, la apelación debe interponerse contra la sentencia resolutoria del litigio y no contra la providencia que niega su reconsideración, *Rexach* v. *Comisión de Indemnizaciones*, 31 D.P.R. 17; *Rivera* v. *Medina*, 28 D.P.R. 808.

[3] Con respecto a la apelación interpuesta contra la sentencia, un año después de dictada, dispone la ley No. 70 de 9 de marzo de 1911 en su sección 2ª, Compilación 5339, que en todos los casos en que pueda establecerse apelación, "será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual pueda establecerse recurso de apelación, una notificación es-

crita informándole que la sentencia ha sido dictada, o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación empezará a correr desde la fecha del archivo de dicha notificación con los autos.''

Según ese precepto legal el término para. apelar empezará a correr desde la fecha del archivo en los autos de la copia de notificación que el secretario haya hecho de la sentencia a la parte que pueda establecer el recurso de apelación. No dice la ley que la copia que se archive debe estar firmada por el secretario y como la copia de la notificación de la sentencia fué archivada con los autos el 5 de mayo de 1922, desde esta fecha empezó a correr el término de un mes que el No. 1º del artículo 295 del Código de Enjuiciamiento Civil, según ha sido enmendado, concede para establecer apelación contra las sentencias, por lo que la apelación interpuesta en este caso el 9 de junio de 1923 se estableció fuera del término legal y por eso esta apelación debe ser desestimada, aunque en fecha anterior negamos la desestimación.

*Las apelaciones contra la sentencia y contra la resolución que negó su reconsideración deben ser desestimadas.*