ELVIRA JUANA MANUELA JOAQUINA GARCÍA, demandante y apelada, *v.* JOSEFA AGUAYO CASALS y GRACIELA CASALS, demandadas y apelantes.

No. 5788.—*Sometido:* Junio 17, 1932. *Resuelto:* Julio 26, 1932.

*Tous Soto & Zapater,* abogados de las apelantes; *Guerra Mondragón & Soldevila,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Allá por el 27 de enero de 1926, y en un pleito civil promovido por Elvira Juana Manuela Joaquina García contra Josefa Aguayo Casals y Graciela Casals, la Corte de Distrito de Ponce dictó sentencia declarando a la demandante hija legítima del Sr. Juan García Villarraza y doña Manuela Fernández, y nula la declaratoria de herederos hecha a favor de las demandadas, así como también las inscripciones llevadas a cabo en el Registro de la Propiedad de Ponce, como consequencia de dicha declaratoria y en relación con la finca propiedad del causante Sr. Villarraza, debiendo procederse a una nueva partición de los bienes relictos al fallecimiento de dicho señor.

En 1º. de diciembre de 1930, la corte, a solicitud de la demandante, ordenó la cancelación de las inscripciones declaradas nulas en dicha sentencia, expidiéndose el correspondiente mandamiento de cancelación al Registrador de la Propiedad de Ponce.

En virtud de esta orden de la corte el registrador procedió a cancelar la inscripción, haciendo constar lo siguiente:

"Hecha la cancelación de la inscripción 9 extendida a favor de doña Josefa Aguayo Casals y de su hija doña María Graciela García en virtud de la declaratoria de herederos que se ha declarado nula y del escrito que se acompañó."

Se trata de una finca que fué inscrita a favor de doña Josefa Aguayo y Casals, quien según el registro adquirió una mitad por sus gananciales al ocurrir el fallecimiento de don Juan García Villarraza. "A solicitud de la viuda," continúa diciendo el registrador, "la corte dictó sentencia declarando únicos herederos de dicho causante a su hija legítima doña María Graciela García Aguayo y a su esposa doña Josefa Aguayo Casals, y se inscribió en su consecuencia la finca de por mitad a favor de las citadas doña Graciela o María Graciela García y Aguayo y de doña Josefa Aguayo y Casals." La otra mitad de la finca la adquirió la demandada por compra a don Roque Pérez Suárez, quien a su vez la adquirió de doña María Graciela García Aguayo.

La demandada, representada por su abogado Sr. Tous Soto, presentó moción a la corte solicitando que la orden y mandamiento dirigidos al Registrador de Ponce fuesen enmendados. Comparecieron ambas partes a discutir dicha moción y la corte la declaró sin lugar, pero al mismo tiempo aclaró la orden expedida en 1º. de diciembre de 1930, ordenando que por el secretario se expidiese un nuevo mandamiento al Registrador de la Propiedad de Ponce para que procediese a cancelar las inscripciones hechas a favor de las demandadas sobre la finca que se describe en la demanda, llevadas a cabo como consecuencia de la declaratoria de he-

rederos cuya nulidad fué declarada en la sentencia dictada en este caso.

En 13 de febrero de 1931 la demandada Josefa Aguayo Casals presentó de nuevo moción a la corte solicitando la restitución de la inscripción de dominio de la mitad de la finca a favor de Josefa Aguayo Casals. La corte declaró sin lugar esta moción y la demandada interpuso el presente recurso de apelación, alegando que la Corte de Distrito de Ponce cometió error al no ordenar al Registrador de la Propiedad de Ponce que restituyera la inscripción de dominio a favor de Josefa Aguayo y Casals, cancelada indebidamente por dicho registrador, interpretando erróneamente el mandamiento de dicha corte de distrito, que le ordenó cancelar la inscripción a favor de las demandadas practicada en el regis·tro como consecuencia de la declaratoria de herederos de don Juan García Villarraza a favor de las mismas.

Arguye la demandada apelante que la inscripción efectuada a su favor por su mitad de gananciales no lo fué a título de herencia de su consorte, sino independientemente de la declaratoria de herederos, no pudiendo afectarle la nulidad de dicha declaratoria. No carece de fundamento la contención de la apelante, aunque parece prematura la inscripción de la mitad de la finca a favor de la viuda, si se hizo sin haberse practicado previamente la liquidación de la sociedad de gananciales; pero nosotros no podemos entrar a considerar este recurso en sus méritos por las razones que pasamos a exponer.

La corte, en su sentencia de 27 de enero de 1926, declaró nulas las inscripciones llevadas a cabo en el Registro de la Propiedad de Ponce, como consecuencia de la declaratoria de herederos y en relación con la finca propiedad del causante Sr. Villarraza. Esta sentencia fué confirmada por esta Corte Suprema y por la Corte de Circuito de Boston. Alega la demandada apelante que presentó moción a la corte para que se enmendaran su orden y mandamiento anteriores, ex-

cluyendo de la misma la inscripción a favor de Josefa Aguayo de su mitad de gananciales. La corte, en 15 de diciembre de 1930, declaró sin lugar esta moción, pero aclaró su orden del 1º. de diciembre de 1930, ajustándose a la letra de la sentencia dictada en 27 de enero de 1926. Es decir, ordenó la la cancelación de las inscripciones llevadas a cabo como consecuencia de la declaratoria de herederos que fué delarada nula. La demandada no interpuso recurso de apelación contra esta orden declarando sin lugar la moción en que se pedía se excluyera de la orden de cancelación la inscripción hecha a favor de la demandada apelante sobre la mitad de la finca como bien ganancial. Más tarde, en 13 de febrero de 1931, o sea sesenta días después de dictada dicha orden, la demandada presentó nuevamente moción a la corte solicitando la restitución de la inscripción del dominio de la mitad del inmueble a favor de la demandada, por entender que el registrador interpretó erróneamente la orden de la corte al proceder a la cancelación de dicha inscripción. Volvió la corte a negar la moción, y la demandada interpuso recurso de apelación contra esta resolución de la corte. La demandante apelada alega que esta resolución es inapelable, por haber recaído en virtud de una moción en que prácticamente se solicita la reconsideración de la orden resuelta en 15 de diciembre de 1930. Nosotros así lo entendemos. En la primera moción se pidió que se excluyera de la orden la cancelación de la inscripción a favor de la demandada sobre la mitad de la finca; ahora se pide a la corte que restituya la inscripción. El resultado que se persigue es idéntico. La demandada apelante desea mantener en vigor la inscripción de la mitad del inmueble hecha a su favor, y trata de realizar este propósito ora obteniendo que se elimine de la orden de cancelación la mencionada inscripción, o consiguiendo que se dicte una orden decretando su restitución. Se trata, pues, de una moción que no tiene otro alcance que pedir la reconsideración de una resolución anterior, luego de transcurrido el plazo

que fija la ley para apelar de las resoluciones dictadas después de sentencia. De acuerdo con la jurisprudencia dictada por este tribunal, no es apelable la orden objeto de este recurso. *Díaz* v. *Pastor,* 29 D.P.R. 95; *A. Hartman* v. *Cividanes,* 28 D.P.R. 32; *Ex Parte Boerman,* 28 D.P.R. 83; *Molfulleda* v. *Ramos,* 16 D.P.R. 805. La Corte Suprema de California, en el caso de *Title Ins. & Trust Co.* v. *California Development Co.,* 114 Pac. 839, cita varios casos sosteniendo esta doctrina y dice: ''Los casos últimamente mencionados se basan en el principio de que una orden negando una moción para dejar sin efecto una orden anterior no es otra cosa que una negativa de la corte a reconsiderar una acción ya tomada, por lo cual el recurso de apelación debe interponerse contra la orden original.

*No siendo apelable la orden recurrida, debe desestimarse la apelación interpuesta por la demandada.*