F. P. Hastings, demandante y apelado, *v.* Ganaderos Unidos de Puerto Rico, Inc., demandada y apelante.

No. 6539.—*Sometido:* Marzo 12, 1934. *Resuelto:* Marzo 23, 1934.

*C. Coll y Cuchí* y *Guillermo Silva,* abogados de la apelante; *La Costa & La Costa,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Se ha presentado en este caso una nueva moción por la parte apelada solicitando la desestimación del recurso interpuesto contra la resolución de noviembre 10, 1933, por virtud de la cual la corte de distrito se negó a declarar nula la sentencia que dictara el 17 de mayo de 1933 decidiendo definitivamente el pleito,

"A. Porque dicha resolución no tiene la naturaleza ni el efecto de una providencia especial dictada después de una sentencia.

"B. Porque una resolución de una corte inferior negando una moción para que se anule o se deje sin efecto una sentencia que puede ser objeto de apelación, no es apelable para ante este Hon. Tribunal

separadamente y sí revisable dentro de la apelación que se puede establecer de la sentencia recaída.

"C. Porque habiendo recaído sentencia en este caso a virtud de estipulación radicada por las partes, en cuya estipulación la demandada apelante renunció el derecho de apelación, no puede la misma apelar de la sentencia, y mucho menos de la resolución recaída declarando sin lugar la moción solicitando la nulidad de la sentencia.

"D. Porque no es apelable una orden o resolución de un tribunal inferior negándose a dejar sin efecto una sentencia, a menos que el récord demuestre hechos para la consideración de este Hon. Tribunal que no pudieran presentarse en una apelación de la sentencia original."

Ambas partes han radicado extensos memorándums sosteniendo sus respectivas posiciones. La apelante radicó además su alegato.

No hay duda alguna que se ha resuelto repetidamente por las cortes del continente y por esta Corte Suprema de Puerto Rico que no cabe apelar de órdenes negando la anulación o reconsideración de órdenes o sentencias apelables, una vez vencido el término concedido por la ley para apelar de éstas, como aquí sucede. *Ayoroa et al.* v. *Benítez,* 14 D.P.R. 446; *The A. R. R. Co. of P. R.* v. *Quiñones,* 17 D.P.R. 261; *Ex Parte Boerman y Marrero,* 28 D.P.R. 83; *Rivera* v. *Medina et al.,* 28 D.P.R. 808; *del Rosario* v. *Ayende,* 35 D.P.R. 481; *García* v. *Aguayo,* 43 D.P.R. 898. Pero tampoco la hay de que ésa es la regla general, existiendo excepciones. Esta propia Corte Suprema en el caso de *Hernaiz, Targa & Co.* v. *Vivas,* 20 D.P.R. 106, 110, se expresó como sigue en cuanto a ese extremo:

"Aplicando la regla general establecida, sería necesario resolver que no cabe apelar contra la orden de 29 de julio que negó la anulación de una sentencia apelable por sí misma. Sin embargo, es necesario reconocer que dicha regla general tiene excepciones. En el caso de The Fajardo Development Company v. Sucesión Morfi, 17 D.P.R. 1120, 1122, esta misma corte, por medio de su Juez Sr. MacLeary, se expresó así: 'Es una proposición general que no se puede apelar de la resolución de una corte por la que ésta se niega a dejar sin efecto una orden que es apelable por sí. Pero puede ser que esta

regla general, a semejanza de todas las demás, tenga excepciones en ciertos casos. No debe olvidarse que la orden de 8 de mayo de 1911 era virtualmente una sentencia dictada en rebeldía, porque los apelantes habían dejado de presentar dentro de cierto período sus objeciones contra el memorándum de costas. Aunque los demandantes pudieran haber interpuesto recurso de apelación contra dicha orden, habría sido muy difícil conseguir la completa revisión del caso, en virtud de los supuestos méritos del mismo, y, en tales casos, se ha permitido que se presente una moción solicitando que se deje sin efecto la rebeldía, y que en el caso de una negativa, se apele de la resolución denegando la moción.' McCormick v. Belvin, 96 Cal. 182; De la Montanya v. De la Montanya, 112 Cal. 101; Pignaz v. Burnett, 119 Cal. 157; Thompson v. Alford, 128 Cal. 227.

"Un estudio detenido de las decisiones sobre la materia nos lleva a la conclusión de que las circunstancias concurrentes en cada caso concreto han influído mucho en la determinación de si está o no comprendido dentro de la regla general o dentro de la excepción."

Y la misma parte apelada en el motivo marcado con la letra D de los que alega para solicitar la desestimación, apunta la circunstancia que después de un detenido estudio creemos que coloca este caso fuera de la regla general y lo lleva a la excepción, a saber: ". . . a menos que el récord demuestre hechos para la consideración de este tribunal que no pudieran presentarse en una apelación de la sentencia original."

Aquí la sentencia resolutoria del pleito se dictó a virtud de una estipulación presentada por los abogados de ambas partes que aparentemente tenían autoridad para acordarla, siendo en tal virtud prima facie suficiente.

Firme la sentencia, una de las partes, la demandada Ganaderos Unidos de Puerto Rico, Inc., pidió su nulidad alegando que su abogado "no estaba autorizado ni por el Presidente ni por la Junta Directiva para llevar a cabo dicha estipulación, en la cual se confiesa una sentencia a favor del demandante contra los intereses de la demandada, cuando la demandada tiene una buena defensa en este caso y no adeuda al demandante las sumas reclamadas."

Resolvió la cuestión en contra suya la corte de distrito y de esa resolución es que ha apelado el demandado para ante este tribunal, siendo el primero de los errores que señala, como sigue:

"1.—La Corte del Distrito erró al declarar que, dentro de la presunción de que todo abogado ostenta la debida representación de su cliente y que actúa dentro de las atribuciones de tal representación, a la parte que niegue la autoridad de su abogado para representar y actuar a nombre de su cliente en un litigio, le toca aducir la correspondiente prueba en apoyo de su contención, aún cuando quien niegue la autoridad sea el propio cliente."

Se trata, pues, de una cuestión nueva, para decidir la cual no hubiera sido suficiente el récord en que se basó la primitiva sentencia apelable que quedó firme por haber transcurrido el término estatutario para recurrir de ella sin que así se hiciera, participando, por tanto, la resolución apelada del carácter de una providencia especial dictada después de sentencia definitiva, de acuerdo con lo decidido por esta Corte Suprema en el caso de *Ríos et al. v. Ríos,* 15 D.P.R. 280, 281, así:

"La cuestión que primeramente se presenta para nuestra decisión, es si semejante orden es apelable. El artículo 295 del Código de Enjuiciamiento Civil dispone que puede establecerse apelación contra 'una providencia especial dictada después de una sentencia definitiva.' Nuestras investigaciones deben, por lo tanto, tener por objeto determinar si una orden, denegando la aprobación de una exposición del caso, es tal providencia especial. Nosotros hemos resuelto que no puede haber providencia especial sin que la sentencia sea claramente definitiva.

"Asimismo hemos resuelto que, para que dicha orden constituya tal providencia especial, la materia objeto de la reclamación no debe ser de tal naturaleza que pueda ser revisada mediante una apelación interpuesta contra la sentencia misma. (Véanse los casos de *José Martínez v. José Pilar,* 3 Dec. de P. R. 135; *Sucesión María Díaz v. José Avalo,* 2 Dec. de P. R. 637.)

"La orden expedida por el Juez de la Corte de Distrito de Humacao, era una providencia dictada después de una sentencia defini-

tiva, y era una providencia especial en el sentido de que cualquier error que existiere en la misma, no podría ser corregido mediante una apelación interpuesta contra la sentencia misma.''

*Por virtud de todo lo expuesto, debe declararse no haber lugar a desestimar el recurso.*