EMIGDIO O. SELLÉS, demandante y apelado, *v.* MANUEL RODRÍGUEZ y MANUELA GONZÁLEZ, demandados y apelantes.

Núm. 8064.—*Sometido:* Enero 29, 1940. *Resuelto:* Junio 6, 1940.

*R. Calderón Rodríguez,* abogado de los apelantes; *Emilio Buitrago,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda, radicada el 21 de junio de 1935, se alega que el demandante es dueño de una finca de 15 cuerdas, la que adquirió por compra a don Armando Soto por escritura de marzo 30 de 1933, inscrita a su nombre en el registro; que Armando Soto la adquirió por adjudicación en venta pública por contribuciones adeudadas al Pueblo de Puerto Rico; que la venta por contribuciones se efectuó sin conocimiento del demandante, no obstante estar gravada la finca con hipoteca por $300 a favor de su señora madre, constituída por la demandada Manuela González; que los demandados ocupan la finca en precario, sin pagar canon o merced alguna, y se niegan a desalojarla, no obstante haber sido requeridos por el demandante. Éste pide el lanzamiento de los demandados.

Alega la demandada Manuela González, que es dueña del inmueble y en tal concepto lo ha venido ocupando desde que lo adquirió en 1928; que ha pagado siempre las contribuciones, incluyendo las del año 1933–34; que en junio de 1934 el Colector de Rentas Internas de Juncos le hizo un requerimiento de pago de las contribuciones de dicho año; que el expediente de apremio por el cual Armando Soto adquirió la finca por $9.88 es nulo porque la demandada no recibió notificación alguna de dichos procedimientos; que ella no posee la finca en precario y sí en concepto de dueña; y que la hipoteca de $300 que alega tener el demandante le fué satisfecha $100 en efectivo en junio 30, 1930, y la casi totalidad del remanente en tabaco que le fué entregado.

En 21 de marzo de 1939 la Corte de Distrito de Humacao, después de oír la prueba del demandante, sin que hubiesen comparecido los demandados, dictó sentencia decretando el desahucio y condenando en costas a los demandados. En abril 11 de 1939 los demandados radicaron una moción en

la que invocando el artículo 140 del Código de Enjuiciamiento Civil solicitaban se dejase sin efecto la segunda comparecencia, la sentencia y todos los procedimientos a ella subsiguientes, alegando como fundamentos:

(a) Que después de celebrarse la primera comparecencia, en la que ambas partes ofrecieron la prueba de que intentaban valerse, la corte señaló el 5 de julio de 1935 para la segunda comparecencia, siendo ésta transferida por estipulación de las partes para el 12 del mismo mes y más tarde "hasta nuevo señalamiento, el que podrá ser solicitado por cualquiera de las partes."

(b) Que tres años más tarde, en diciembre 30, 1938, la corte señaló el 6 de febrero de 1939 para la segunda comparecencia.

(c) Que durante el tiempo transcurrido entre la primera y la segunda comparecencia, el abogado de los demandados estuvo ausente de la Isla; y que los demandados no han tenido noticia por conducto alguno de que se hubiera pedido ni señalado la segunda comparecencia, y que no recibieron el aviso o notificación que fué depositado en el correo por el secretario de la corte en 4 de enero de 1939.

Declarada sin lugar dicha moción, apelaron los demandados, señalando como único error de la corte inferior el haberse negado a dejar sin efecto su sentencia, lo que, a juicio de los apelantes, constituye un abuso de la discreción judicial que a la corte concede el citado artículo 140 del Código de Enjuiciamiento Civil.

Hemos examinado el récord de este caso, del que aparece que el secretario de la corte envió en 4 de enero, 1939, a los demandados, por correo, una notificación del señalamiento de la segunda comparecencia para el 6 de febrero del mismo año; que la sentencia fué dictada en 21 de marzo de 1939 y notificada a los demandados por el Jefe de la Policía de Juncos el 23 del mismo mes, archivándose con los autos en ese mismo día copia de la notificación; y que en 29 de mayo de 1939, o sea a los 37 días después de haberse archivado en los autos la notificación de la sentencia, los demandados radicaron escrito de apelación.

Las secciones 10 y 11 de la Ley de Desahucio de marzo 9, 1905, proveen que podrá apelarse de las sentencias dic-

tadas por las cortes de distrito en casos de desahucio, para ante la Corte Suprema, dentro del término de cinco días a partir de la fecha de la sentencia. El primer escrito de apelación en el caso de autos fué radicado cuando ya había expirado el término legal para poder apelar de la sentencia, y por lo tanto esta corte carece de jurisdicción para conocer de dicho recurso, el cual debe ser desestimado.

La moción para que se dejara sin efecto la segunda comparecencia y la sentencia dictada en ausencia de los deman-dados apelantes fué declarada sin lugar el día 29 de mayo de 1939. El escrito de apelación contra dicha resolución fué radicado y notificado el 5 de junio de 1939, dentro del tér-mino de 10 días que para apelar de una providencia espe-cial dictada después de sentencia definitiva señala en su apartado 3 el artículo 295 del Código de Enjuiciamiento Civil.

En el caso de *Hastings* v. *Ganaderos Unidos de P. R., Inc.,* 46 D.P.R. 385, este tribunal tuvo ante sí la misma cuestión envuelta en el presente recurso, y al resolverla en favor de la parte apelante se expresó así:

"No hay duda alguna que se ha resuelto repetidamente por las cortes del continente y por esta Corte Suprema de Puerto Rico que no cabe apelar de órdenes negando la anulación o reconsideración de órdenes o sentencias apelables, una vez vencido el término conce-dido por la ley para apelar de éstas, como aquí sucede. *Ayoroa et al.* v. *Benítez,* 14 D.P.R. 446; *The A. R. R. Co. of P. R.* v. *Quiñones,* 17 D.P.R. 261; *Ex parte Boerman y Marrero,* 28 D.P.R. 83; *Rivera* v. *Medina et al.,* 28 D.P.R. 808; del *Rosario* v. *Ayende,* 35 D.P.R. 481; *García* v. *Aguayo,* 43 D.P.R. 898. Pero tampoco la hay de que ésa es la regla general, existiendo excepciones. Esta propia Corte Suprema en el caso de *Hernaiz, Targa & Co.* v. *Vivas,* 20 D.P.R. 106, 110, se expresó como sigue en cuanto a ese extremo:

" 'Aplicando la regla general establecida, sería necesario resolver que no cabe apelar contra la orden de 29 de julio que negó la anula-ción de una sentencia apelable por sí misma. Sin embargo, es nece-sario reconocer que dicha regla general tiene excepciones. En el caso de *The Fajardo Development Company* v. *Sucesión Morfi,* 17 D.P.R. 1120, 1122, esta misma corte, por medio de su Juez Sr. McLeary, se expresó así: "Es una proposición general que no se puede apelar

de la resolución de una corte por la que ésta se niega a dejar sin efecto una orden que es apelable por sí. Pero puede ser que esta regla general, a semejanza de todas las demás, tenga excepciones en ciertos casos. No debe olvidarse que la orden de 8 de mayo de 1911 era virtualmente una sentencia dictada en rebeldía, porque los apelantes habían dejado de presentar dentro de cierto período sus objeciones contra el memorándum de costas. Aunque los demandantes pudieran haber interpuesto recurso de apelación contra dicha orden, habría sido muy difícil conseguir la completa revisión del caso, en virtud de los supuestos méritos del mismo, y, en tales casos, se ha permitido que se presente una moción solicitando que se deje sin efecto la rebeldía, y que en el caso de una negativa, se apele de la resolución denegando la moción.'' *McCormick* v. *Belvin,* 96 Cal. 182; *De la Montanya* v. *De la Montanya,* 112 Cal. 101; *Pignaz* v. *Burnett,* 119 Cal. 157; *Thompson* v. *Alford,* 128 Cal. 227.

'' 'Un estudio detenido de las decisiones sobre la materia nos lleva a la conclusión de que las circunstancias concurrentes en cada caso concreto han influído mucho en la determinación de si está o no comprendido dentro de la regla general o dentro de la excepción.'

''Y la misma parte apelada en el motivo marcado con la letra *D* de los que alega para solicitar la desestimación, apunta la circunstancia que después de un detenido estudio creemos que coloca este caso fuera de la regla general y lo lleva a la excepción, a saber: ...'a menos que el récord demuestre hechos para la consideración de este tribunal que no pudieran presentarse en una apelación de la sentencia original.' ''

El récord del presente caso demuestra que desde la fecha en que se celebró la primera comparecencia hasta el día en que tuvo lugar la segunda, transcurrieron tres años; que durante ese período de tres años el abogado de los demandados estuvo ausente en Estados Unidos; y que los demandados residen en el campo, en la finca objeto del desahucio, en el barrio Valenciano Arriba, del término municipal de Juncos. El secretario de la corte de distrito hizo constar al pie de la orden señalando la segunda comparecencia para el 6 de febrero de 1939, que había remitido tarjetas postales ''a los demandados Manuel Rodríguez y Manuela González, Juncos, notificándoles este señalamiento.''

Aun cuando presumiéramos que una tarjeta postal depositada en el correo en Humacao y dirigida al pueblo de Juncos debió ser recibida en el barrio Valenciano Arriba, donde residen los demandados, esa presunción *juris tantum* que surge del hecho de haberse depositado la carta en el correo, fué controvertida por el *affidavit* de méritos presentado por los demandados en apoyo de su moción, en el que hicieron constar "que los demandados no han tenido noticias por ningún conducto de que se hubiera pedido por la parte demandante ni señalado la segunda comparecencia" y "que los demandados residen en el barrio Valenciano Arriba, de Juncos, P. R., y no recibieron el aviso o notificación que aparece depositado en el correo con fecha 4 de enero de 1939 por el secretario de la corte." El demandante no presentó prueba alguna para impugnar lo declarado en dicho *affidavit* de méritos.

Tratándose de una orden dictada después de sentencia definitiva y no pudiendo ser consideradas en la apelación contra la sentencia las cuestiones envueltas en la moción para que se anulara la sentencia dictada en rebeldía, debemos resolver de acuerdo con la decisión en *Hastings* v. *Ganaderos Unidos de Puerto Rico, Inc.,* supra, que la orden de 29 de mayo de 1939, declarando sin lugar la moción para que se deje sin efecto la segunda comparecencia y la sentencia dictada en ausencia de los demandados, es apelable y que el recurso fué interpuesto dentro del término legal.

Alegan los demandados apelantes que la corte inferior abusó de su discreción al negarse a eximir a dichos demandados de los efectos de una sentencia dictada bajo las circunstancias que ya hemos descrito.

Tienen razón los apelantes. Nada se hubiese perdido al dar a los demandados una oportunidad de ser oídos en su defensa. Ellos demostraron que no comparecieron a la vista del caso porque no recibieron aviso o notificación de señalamiento. A nuestro juicio la corte inferior no hizo buen uso de la discreción que le concede el artículo 140 del Código de Enjuiciamiento Civil.

· *Debe revocarse la orden recurrida y devolverse el caso a la Corte de Distrito de Humacao con instrucciones de que proceda a anular la sentencia dictada en 21 de marzo de 1939 y a celebrar de nuevo la segunda comparecencia de las partes litigantes para la práctica de la prueba.*

El Juez Presidente Sr. Del Toro no intervino.