|    | 7  | 121 |
|    | 141| 507 |

---

## McCANN *v.* SIERRA COUNTY.

The property of a citizen cannot be taken from him for public use, unless ample means of remuneration are provided.

Where private property is appropriated to public use by the supervisors of a county, without making provision for paying for the same, such act is illegal, and may be enjoined.

The statute providing that no person shall sue a county for any demand, unless the claim has first been presented to the board of supervisors, and been by them rejected, applies as well to actions arising out of tort, as upon contract.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

The plaintiff filed his complaint in the Court below, in the nature of a declaration in trespass *vi et armis*, and also asking the equitable interposition of the Court by injunction, to restrain further acts of waste and trespass, threatened by the defendants.

The facts of the case are, that the board of supervisors of Sierra had, by resolution, extended a street, or thoroughfare, through the land of the plaintiff, without providing any compensation for the private injury consequent thereon, and were in the act of opening the street through the ground of the plaintiff at the time the complaint was filed.    The complaint asks a perpetual injunction, and five hundred dollars damages.

The bill was demurred to, and the demurrer sustained.

Plaintiff appealed.

*Stephen J. Field* for Appellant.

The Constitution of the State, in section eight of first article, provides that private property shall not be taken for public use without just compensation.    The clause is not peculiar to our

Constitution, but is found, it is believed, in the Constitution of every State in the Union.

It is unnecessary to cite at length the various decisions which have been made at different periods in the several States upon this clause. It will suffice to state the result of the adjudications.

It has been held that whenever private property is taken for public use, the compensation must be settled by stipulation between the Legislature and the proprietor, or by a commission mutually elected by the parties, or by the intervention of a jury. Van Horne's Lessees v. Dorrance, 2 Dallas, 3, 13; Armstrong v. Jackson, 1 Blackford, 374.

It has also been held that whenever private property is taken for public use, the compensation to the proprietor must be either ascertained and paid to him before his property is taken, or an adequate fund must be provided, out of which he may obtain compensation in the Courts of Justice, if the same be not otherwise made to him. Bloodgood v. The Hudson and Mohawk R. R. Co., 18 Wendell, 17; Kent's Comm's, 2 vol., p. 339.

In Bonaparte v. Camden and Amboy Railroad Co., 1 Baldwin's C. C. U. S. Reps., it was held that a law taking private property for public use, without providing for compensation, was not void, for this could be done by a subsequent law, but that the execution of the law would be enjoined until the provision be made, and the payment ought to be simultaneous with the actual appropriation of the property. See Kent, vol. 2; note to page 340.

The third ground of demurrer, that there is no allegation "in said complaint that the demand, or claim, or relief, or the damages claimed or sought after in said complaint has been presented to the board of supervisors of Sierra county for allowance, and that the board of supervisors of Sierra county have failed or refused to allow the same, or some part thereof," is not well taken.

The relief which a party seeks by an injunction against an invasion of his private rights and a spoliation of his private property, can, in no just sense, be termed a demand or claim which he must present to the board of supervisors for allowance or rejection before he can institute his suit. By the claims and demands referred to in section twenty-four of the act concerning supervisors (session laws of 1855, page 56) are meant such as partake of the character of accounts or debts—obligations arising from contracts, express or implied, with the county.

The provision of section twenty-four, that no person shall sue a county, in any case, or for any demand, means that no suit shall be maintained against a county, in any case, for a claim or demand, which arises from accounts which are to be passed upon, audited, and allowed, by the board of supervisors. This is evident from the reading of the whole section. It has not, and cannot, have any reference to suits to enjoin and prevent

the carrying out of illegal orders of the board. The terms "claims or demands," do not properly apply to relief such as is sought by the plaintiff in the present case.

The counsel of the respondent seems to regard the allegation of damages sustained to the amount of five hundred dollars, as the gist of the complaint, and their recovery as the object of the action. They are a mere incident to the action, and the allegation in relation to them in the complaint, and the prayer for judgment to that amount, may be treated as surplusage. The object of the action is to enjoin the defendant, and its officers, agents, and servants, from opening a public road through the private property of the plaintiff.

*Alonzo Platt* for Respondent.

The demurrer was well taken. The general right to sue a county under the act of May 11, 1854, (see Laws of 1854, page 45,) was taken away by the statute of March 20, 1855, (see Laws of 1855, page 56, § 24,) except in the manner provided for in said section twenty-four of said act, and the complaint should have set out the exception, so as to have given the court jurisdiction.

The demurrer was properly interposed. "The non-presentation was not a matter of avoidance only to be taken advantage of by plea." Ellison *v.* Halleck et al., 6 Cal., 386; Falkner & Bell *v.* Executors of Folsom, ib., 412.

The twenty-fourth section of the act of March 20, 1855, declares that "no person shall sue a county in any case, or for any demand, unless he shall," etc.

MURRAY, C. J., after stating the facts, delivered the opinion of the Court—TERRY, J., and BURNETT, J., concurring.

The Constitution of California provides, "that private property shall not be taken for public use, unless just compensation be made therefor." A similar provision is to be found in the Constitution of every State in the Union ; and the result of the decisions on this subject may be briefly stated thus : That compensation must be made in advance, or a fund must be provided out of which compensation shall be made, so soon as the amount can be determined. The property of the citizen cannot be taken from him without ample means of remuneration are provided. From this it results, that the act of the supervisors of Sierra county, in appropriating the property of the plaintiff to public uses, before making provision for paying him the value thereof, was illegal, and that he might resort to a Court of Equity to restrain them from interfering with the freehold.

A claim for damages done to his possession, could not be joined to a bill for an injunction. The twenty-fourth section of the act of March 20, 1855, entitled "an act to create a board of super-

visors in the counties of this State, and to define their duties," provides that, "no person shall sue a county *in any case*, for any demand, unless he or she shall first present his or her claim to the board of supervisors for allowance, and the same shall be rejected in whole or part."

The declaration contains no averment that said claim for damages was presented to the board of supervisors and rejected by them, yet such an averment was necessary, to enable the plaintiff to recover. See Ellisen v. Halleck et al., 6 Cal., 386.

The appellant contends that this section only applies to demands arising out of the contract, and does not extend to cases of tort, or actions of trespass on the case. The language of the statute is, that "no person shall sue the county in *any case*," and we think the intention of the Legislature was to prevent the revenue of the county from being consumed in litigation, by providing that an opportunity of amicable adjustment should be first afforded to the county, before she could be charged with the costs of a suit.

Judgment affirmed.