[S. F. No. 1862.  Department One.—March 27, 1900.]

SALLIE P. THOMPSON, Appellant, v. DOLLIE E. ALFORD, Respondent.

ORDER REFUSING TO SET ASIDE DEFAULT AND FIX TIME TO PLEAD—APPEALABLE ORDER—DEFAULT NOT APPEALABLE.—An order made after judgment refusing, upon motion of the plaintiff, to set aside the default of a defendant, and to fix a time in which the defendant should plead, is an appealable order.

ID.—PREVIOUS VACATION OF JUDGMENT NOT RES ADJUDICATA.—The dismissal of the appeal of the plaintiff from an order vacating the judgment on motion of the defendant, though it operates as an affirmance of the order, is not res adjudicata as to an order refusing the motion of plaintiff to set aside the default of the defendant and to fix a time for the defendant to plead, and does not preclude the plaintiff from appealing therefrom.

ID.—DISTINCT MOTIONS AND RECORDS—DISTINCT RELIEF.—A motion of the defendant to vacate the judgment, and a motion of the plaintiff to set aside the default of the defendant, and to fix a time for the defendant to plead, are distinct from each other, depend upon distinct records, and seek distinct relief. They do not presumptively involve the determination of the same facts; and the final decision of the first motion by vacation of the judgment does not involve the subject matter of the latter motion.

ID.—RIGHT OF PLAINTIFF TO SET ASIDE DEFAULT.—The plaintiff is not precluded from moving to set aside the default of the defendant and to fix a time for pleading, by reason of the fact that the default was entered at his instance.

ID.—PERFECTING APPEAL—SERVICE OF NOTICE UPON DEFENDANT'S ATTORNEY—APPEARANCE.—The notice of appeal from the order refusing to set aside the default, etc., is properly served upon the defendant's attorney, in perfecting the appeal, if his appearance in the action was general, and not merely special.

ID.—SPECIAL AND GENERAL APPEARANCE—MOTION TO VACATE JUDGMENT—EXCUSABLE NEGLECT—GENERAL APPEARANCE.—Where defendant's attorney assumed to appear specially for the purpose of moving to vacate the judgment, and in the supreme court only for the purpose of moving to dismiss an appeal therefrom, but the motion papers, besides formally stating as a ground the want of service of summons upon the defendant, really presented, as a ground for relief, the excusable neglect of the defendant in not properly examining a copy of the summons and complaint

served upon the defendant, the appearance of the attorney for defendant is general, and in the absence of a substitution of attorneys a notice of appeal may be served upon such attorney.

MOTION to dismiss appeal from an order of the Superior Court of Fresno County refusing to set aside a default and to fix time for the defendant to plead. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

Snook & Church, and Snow & Freeman, for Appellant.

W. F. Thompson, for Respondent.

HARRISON, J.—Judgment in the above action was entered against the defendant April 6, 1897, and on August 9, 1897, the court made an order vacating the judgment as to the respondent herein. An appeal from this order was dismissed April 9, 1898. Thereafter the plaintiff made a motion before the superior court to set aside the default of the defendant Dollie E. Alford, and to fix a time for her to plead. Her motion was denied May 21, 1898, and the present appeal is from this order. The respondent moves to dismiss the appeal upon the ground that the order appealed from is not an appealable order, and that the appeal was not taken and perfected as required by law.

The ground upon which it is claimed that the order is not appealable is that the dismissal of the plaintiff's appeal from the order vacating the judgment against the respondent operated as an affirmance of that order, and precludes the plaintiff from an appeal from any order that might have been therein reviewed.

The order from which the present appeal was made is an order made after judgment, and is by express terms of the code appealable. The plaintiff sought by her motion to set aside a default previously entered, and to fix a time for the defendant to plead. The order entering her default was not an appealable order, and there had been no previous order fixing or refusing to fix a time within which the defendant should plead. The plaintiff did not, therefore, seek by her motion to obtain an order vacating any previous appealable order.

An appeal from an order vacating a judgment rests upon a record of its own, and does not necessarily include a record of any proceedings prior to the entry of the judgment. The motion to set aside a default previously entered, and fix a time for the defendant to plead, would not presumptively involve the determination of any facts presented on the motion to vacate the judgment, and, consequently, it does not appear upon the face of the order that those facts could have been determined at that time. Each of the motions is a motion made after judgment, but each is distinct from the other, depends upon a different record, and seeks different relief. The plaintiff is not precluded from making the motion by reason of the fact that the default was entered at his instance. (*Brackett v. Banegas*, 99 Cal. 625.)

The ground upon which the respondent claims that the appeal has not been perfected is that Mr. Thompson, upon whom the notice of appeal was served, was not the attorney for Mrs. Alford. It appears from the bill of exceptions herein that he had appeared in the superior court as her attorney for the purpose of vacating the judgment and had also appeared upon the appeal therefrom, and, although he stated in his notice at that time that he appeared only for the purpose of that motion, it also appeared from the affidavit of Mrs. Alvord, upon which the motion was based, that while she claimed that the judgment was null and void by reason of a want of service upon her of the summons in the action, her motion for relief was in reality made upon the ground of excusable neglect in not sufficiently examining the papers with which she was served, and which were in fact a copy of the summons and complaint. The appearance of Mr. Thompson must therefore be considered as a general appearance in the case, and, as no substitution of attorneys or renunciation of authority had ever been made by him or by Mrs. Alford, the service upon him must be held sufficient. (*Security Loan etc. Co. v. Boston etc. Co.*, 126 Cal. 418.)

The motion is denied.

Garoutte, J., and Van Dyke, J., concurred.