THE FAJARDO DEVELOPMENT COMPANY *v.* SUCCESSION OF MORFI.

APPEAL from the District Court of Humacao.

No. 730.—Decided December 5, 1911.

COSTS—APPEALABLE DECISIONS—ORDER REFUSING TO SET ASIDE APPEALABLE ORDER.—Considering that an order approving a memorandum of costs because the same was not objected to in time is equivalent to a judgment by default as an exception to the general rule that an order overruling a motion to set aside another appealable order is appealable, the courts have laid down the doctrine that in such cases an appeal may be taken from an order overruling a motion to set aside an order approving a memorandum of costs because it was not objected to in time.

FUNDAMENTAL ERRORS—APPROVAL OF MEMORANDUM OF COSTS—OMISSION OF OBJECTION—DISCRETION OF COURT.—Although a memorandum of costs may not have been objected to by the party adjudged to satisfy the same; the trial court should not approve it as a whole for that sole reason without first examining it; and in the exercise of its discretional power it should allow those amounts which may be deemed just and reasonable.

The facts are stated in the opinion.

*Messrs. Armstrong* and *Keith* and *Luis Muñoz Morales* for appellant.

*Messrs. Aponte* and *Aponte* for appellee.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This appeal relates to a cost bill including a memorandum

of attorney's fees amounting to $1,100. In the District Court of Humacao the Fajardo Development Company brought suit against the Estate of Morfi, in order to compel the execution of a conveyance of a tract of land exceeding in value $500. After various exceptions on the part of the defendants and an answer on the merits the plaintiff moved for leave to dismiss the suit, which was granted and judgment rendered accordingly on April 20 last, casting the plaintiff in the costs. On April 22, 1911, one of the defendants, the respondent, presented a memorandum of costs to the secretary of the district court, sending on the same day by mail to opposing counsel a copy of the same.

On May 5, fourteen days later, respondent moved the court for approval of his cost bill, which was ordered by the court on May 8. The appellant's counsel were notified thereof, and, on the 10th of the same month, moved for a reconsideration of the order approving the bill of costs. This motion was denied; and from the order denying the motion to set aside the approval of the cost bill this appeal was taken.

In this court the respondent opportunely made a motion to dismiss the appeal on the ground that the order appealed from was not appealable. This motion was held over by this court to be decided after hearing the whole case.

We find it convenient to discuss the case as presented by the respondent in the three propositions following, to wit:

"First. The appeal should be dismissed because the order from which the appeal is taken is not appealable.

"Second. The resolution of the inferior court should be affirmed, because the errors alleged by the appellant do not appear from the bill of exceptions in the case; besides, even taking into account the said bill, such so-called errors are not really errors but the plain law of the case.

"Third. The order appealed from should be affirmed because the trial court complied strictly with the law in making the same."

We will take these questions up in the order in which they are thus presented.

It is a general proposition that an appeal cannot be taken from a resolution of a court refusing to set aside an order which is itself appealable. But like all other general rules there may be exceptions to this in certain cases. It must not be overlooked that the order of May 8, 1911, was virtually a judgment by default rendered because the appellants had failed to file within a certain time objections to the cost bill. Although the plaintiff could have taken an appeal from this order it would have been very difficult to secure a full review on the supposed merits of the case and in such cases it has been permitted to move to set aside the default and in case of refusal to appeal from the resolution denying the motion. (*McCormick* v. *Belvin,* 96 Cal., 182; *De la Montanya* v. *De la Montanya,* 112 Cal., 101; *Pignaz* v. *Burnett,* 119 Cal., 157; *Thompson* v. *Alford,* 128 Cal., 227.)

Considering as we do that this case constitutes an exception to the general rule, and finding the order denying the motion to set aside the order approving the cost bill to be appealable, the motion to dismiss this appeal must be overruled.

This brings us to the consideration of the second of the propositions herein set forth. It may be that the errors into which the appellant claims that the inferior court fell in his rulings were not set forth in proper form, but inasmuch as such errors, if there were really errors, are fundamental, the court under the rules will notice them; so we prefer to pass over this objection and examine them carefully. The action of the trial court in approving the memorandum of costs, including the attorney's fees, seems to be based on the idea that because the plaintiff had failed to file any objection thereto the court should consider the same to be entirely correct. Such is not our view of the matter. Whether the memorandum is opposed or not the matter of attorney's fees is confided by the statute to the discretion of the court. (See Session Acts, 1908, p. 85.) If the court had exercised its discretion in the matter and then approved

the bill of costs we would only have thought proper to disturb the ruling in case the record showed an abuse of that discretion. But when the court declines to exercise any discretion in the matter it clearly errs and its action cannot claim our approval. The court should consider the amount of professional labor and skill exerted by the attorneys in this case and the value thereof and thus arrive at a determination of the amount which should properly be allowed for attorney's fees.

Now we arrive at the third proposition as presented by respondent. For the reasons given under the second proposition we cannot agree to this and must therefore hold it unsound.

For the reasons stated we should declare the District Court of Humacao in error in refusing to set aside the order approving the cost bill, and the said court should be ordered to hear the parties in favor of and against the memorandum of costs, and after considering all the facts pro and con, and after exercising a sound judicial discretion in the premises, should allow, disallow the same, or allow such sum as the defendant Morfi may be entitled to recover in the premises.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.