F. P. HASTINGS, Plaintiff and Appellee, *v.* GANADEROS UNIDOS DE PUERTO RICO, INC., Defendant and Appellant.

No. 6539.   Argued March 12, 1934.—Decided March 23, 1934.

*C. Coll y Cuchí* and *Guillermo Silva* for appellant. *La Costa & La Costa* for appellee.

MR.· CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the instant case, a new motion has been filed by the appellee to dismiss the appeal taken from an order of November 10, 1933, refusing to set aside the judgment rendered by the district court, on May 17, 1933, in finally deciding the action—

"A. Because said order has neither the character nor the effect of a special order made after final judgment.

"B. Because an order of a lower court overruling a motion to vacate or set aside an appealable judgment, is not appealable to this Honorable Court separately, but is reviewable within the appeal that may be taken from the judgment rendered.

"C. Because, as judgment has been rendered in the instant case pursuant to a stipulation filed by the parties, wherein the defendant-appellant waived the right of appeal, it can not appeal from the judgment and much less from the order denying the motion to set aside such judgment.

"D. Because no appeal lies from an order of a lower court refusing to set aside a judgment, unless the record shows, for the consideration of this Honorable Court, facts that could not be presented in an appeal from the original judgment."

Both parties have filed extensive memoranda upholding their respective positions. The appellant in addition filed its brief.

There is no doubt whatever that the courts of the continent and this Supreme Court of Puerto Rico have repeatedly held that no appeal lies from orders refusing to set aside or to reconsider appealable orders or judgments after the statutory period to appeal therefrom has elapsed, as happens in the instant case. *Ayoroa et al.* v. *Benítez,* 14 P.R.R. 434; *The American Railroad Company* v. *Quiñones,* 17 P.R.R. 247; *Ex parte Boerman,* 28 P.R.R. 76; *Rivera* v. *Medina et al.,* 28 P.R.R. 756; *Rosario et al.* v. *Ayende et al.,* 35 P.R.R. 440; *García* v. *Aguayo,* 43 P.R.R. 861. But neither is there any doubt that that is the general rule, to which there are exceptions. In regard to this point, this Supreme Court itself, in the case of *Hernáiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99, expressed itself as follows:

"Applying the general rule established, it must be held that no appeal lies from the order of July 29 refusing to vacate a judgment which was itself appealable. Nevertheless, it must be admitted that there are exceptions to the general rule. In the case of *The Fajardo Development Company* v. *Succession of Morfi,* 17 P.R.R. 1077, this court through Mr. Justice MacLeary expressed itself as follows:

" 'It is a general proposition that an appeal cannot be taken from a resolution of a court refusing to set aside an order which is itself appealable. But like all other general rules there may be exceptions to this in certain cases. It must not be overlooked that the order of May 8, 1911, was virtually a judgment by default rendered because the appellants had failed to file within a certain time objections to the cost bill. Although the plaintiff could have taken an appeal from this order it would have been very difficult to secure a full review on the supposed merits of the case and in such cases it has been permitted to move to set aside the default and in case of refusal to appeal from the resolution denying the motion. (*McCormick* v. *Belvin,* 96 Cal., 182; *De la Montanya* v. *De la Montanya,* 112 Cal., 101; *Pignaz* v. *Burnett,* 119 Cal., 157; *Thompson* v. *Alford,* 128 Cal., 227.)'.

"A careful study of the decisions on this point brings us to the conclusion that the circumstances attending each particular case have

had much weight in the determination of whether or not it comes within the general rule or within the exception.''

In ground ''D'' urged in support of the motion to dismiss, the appellee himself points out the circumstance which, after a careful study, we believe takes the instant case out of the general rule and places it within exception, to wit: ''. . . unless the record shows, for the consideration of this court, facts that could not be presented in an appeal from the original judgment.''

In the instant case, the judgment deciding the suit was rendered by virtue of a stipulation filed by the attorneys of both parties, who apparently had authority to agree upon it, and it is therefore *prima facie* sufficient.

After the judgment had become final (*firme*), one of the parties, the defendant Ganaderos Unidos de Puerto Rico, Inc., moved to set it aside, alleging that its attorney ''was not authorized either by the president or by the board of directors to agree to said stipulation wherein a judgment is confessed in favor of the plaintiff against the interests of the defendant, when the latter has a good defense in the instant case and does not owe the plaintiff the amounts claimed.''

The district court decided the question against the defendant, and it is from that order that the defendant appealed to this court, the first of the errors assigned being the following:

''1.—The district court erred in declaring that under the presumption that every attorney duly represents his client and is acting within the scope of his authority, it devolves upon the party denying the authority of its attorney to represent, and to act in the name of, his client in a suit, to offer the proper evidence in support of its contention, even if the person denying the authority is the client himself.''

A new question, then, is involved, and to decide it the record on which was based the original appealable judgment, which became final (*firme*) because the statutory period to appeal therefrom had elapsed without any appeal having been

taken, would not have been sufficient; therefore, the order appealed from partakes of the nature of a special order made after final judgment, in accordance with the holding of this Supreme Court in the case of *Ríos et al.* v. *Ríos*, 15 P.R.R. 263, 264, thus:

"The question first presented to us for decision is whether such an order is appealable. Section 295 of the Code of Civil Procedure makes the subject of appeal 'any special order made after final judgment.' Our inquiries must, therefore, be directed to whether an order refusing to approve a statement of the case is such a special order. We have decided that there can be no special order without the judgment being clearly final. We have likewise decided that in order to constitute such a special order the matter complained of must not be of such a nature that it can be reviewed by an appeal from the judgment itself. (See *José Martínez* v. *José Pilar*, 3d. Dec. of P. R., 135; *Sucesión María Díaz* v. *José Avalo*, 2d Dec. of P. R., 637.)"

For the reasons stated, the motion to dismiss the appeal must be denied.