Emigdio O. Sellés, Plaintiff and Appellee, *v.* Manuel Rodríguez et al., Defendants and Appellants.

No. 8064.   Argued January 29, 1940.—Decided June 6, 1940.

*R. Calderón Rodríguez* for appellants.   *Emilio Buitrago* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

In the complaint herein, filed on June 21, 1935, it is alleged that the plaintiff is the owner of a piece of property of 15 acres (*cuerdas*), which he acquired by purchase from Armando Soto by a deed of March 30, 1933, recorded in his name in the registry; that Armando Soto acquired it by award in a public sale for taxes owed to the People of Puerto Rico; that the tax sale was made without the knowledge of the plaintiff in spite of the fact that the property was en-

cumbered by a mortgage for $300 in favor of his mother which had been constituted by the defendant Manuela González; that the defendants are occupying the property at sufferance without paying any rent or charge whatsoever,. and refuse to vacate the same notwithstanding the demands made upon them by the plaintiff. The latter prays for the dispossession of the defendants.

The defendant Manuela González alleges that she is the owner of said property and in that capacity she has occupied it ever since she acquired it in 1928; that she has always paid the taxes thereon including those pertaining to the year 1933–1934; that in June 1934, the Collector of Internal Revenue of Juncos made demand upon her for the payment of the taxes corresponding to said year; that the distrain proceeding whereby Armando Soto acquired the property for $9.98 is void, as the defendant received no notice of said proceeding; that she is not in possession of the property at sufferance but as the owner thereof; and that the mortgage for $300 which the plaintiff claims to hold was paid to him: $100 in cash on June 30, 1930, and almost the whole of the balance in tobacco which was delivered to him.

On March 21, 1939, the District Court of Humacao, after hearing the evidence for the plaintiff, and without the appearance of the defendants, rendered judgment decreeing the dispossession and imposing costs on the defendants. On April 11, 1939, the defendants filed a motion, wherein they invoked section 140 of the Code of Civil Procedure and requested that the proceedings at the second hearing, the judgment, and all the proceedings subsequently had should be set aside; and they alleged as grounds therefor:

(a) That after the holding of the first hearing, in which both parties introduced their evidence, the court set July 5, 1935, for the second hearing which was postponed by stipulation of the parties to the 12th of the same month and, subsequently, "until a new setting, which may be requested by any of the parties."

(*b*) That three years afterwards, on December 30, 1938, the court set February 6, 1939, for the second hearing.

(*c*) That during the time that elapsed between the first and the second hearing, the attorney for the defendants was absent from the Island; and that the defendants have had no notice whatsoever of any setting or request for setting of the second hearing, and that they have not received the notice or warning which was deposited in the mail by the clerk of the court on January 4, 1939.

Upon said motion being denied, the defendants appealed, and they have assigned as an only error the refusal of the lower court to set aside its judgment, which action, as claimed by the appellants, constitutes an abuse of the judicial discretion granted to the court by said section 140 of the Code of Civil Procedure.

We have examined the record in this case, from which it appears that the clerk of the court, on January 4, 1939, sent to the defendants, by mail, a notice of the setting of the second hearing for February 6 of the same year; that the judgment was rendered on March 21, 1939, and notified to the defendants by the Chief of Police of Juncos on the 23d of the same month, and a copy of the notice was filed with the record on that same day; and that on May 29, 1939, or 37 days after the filing of the notice of the judgment, the defendants presented their notice of appeal.

Sections 10 and 11 of the Unlawful Detainer Act of March 9, 1905, provide that appeals may be taken from the judgments rendered by the district courts in actions of unlawful detainer to the Supreme Court, within a period of five days after the date of the judgment. The first notice of appeal in the case at bar was filed after the statutory period to appeal from the judgment had already expired, and therefore this court lacks jurisdiction to entertain said appeal, which must be dismissed.

The motion to set aside the proceedings had at the second hearing and the judgment rendered by default against the defendants-appellants, was denied on May 29,

1939. The notice of appeal from that decision was filed and served on June 5, 1939, within the 10-day period to appeal from a special order rendered after final judgment which is provided by subdivision 3 of section 295 of the Code of Civil Procedure.

In the case of *Hastings* v. *Ganaderos Unidos de P. R., Inc.,* 46 P.R.R. 373, this court had before it the same question that is involved in the case at bar and in deciding it in favor of the appellant, it said:

"There is no doubt whatever that the courts of the continent and this Supreme Court of Puerto Rico have repeatedly held that no appeal lies from orders refusing to set aside or to reconsider appealable orders or judgments after the statutory period to appeal therefrom has elapsed, as happens in the instant case. *Ayoroa et al.* v. *Benítez,* 14 P.R.R. 434; *The American Railroad Company* v. *Quiñones,* 17 P.R.R. 247; *Ex parte Boerman,* 28 P.R.R. 76; *Rivera* v. *Medina et al.,* 28 P.R.R. 756; *Rosario et al.* v. *Ayende et al.,* 35 P.R.R. 440; *García* v. *Aguayo,* 43 P.R.R. 861. But neither is there any doubt that that is the general rule, to which there are exceptions. In regard to this point, this Supreme Court itself, in the case of *Hernáiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99, expressed itself as follows:

" 'Applying the general rule established, it must be held that no appeal lies from the order of July 29 refusing to vacate a judgment which was itself appealable. Nevertheless, it must be admitted that there are exceptions to the general rule. In the case of *The Fajardo Development Company* v. *Succession of Morfi,* 17 P.R.R. 1077, this court through Mr. Justice MacLeary expressed itself as follows:

" ' "It is a general proposition that an appeal cannot be taken from a resolution of a court refusing to set aside an order which is itself appealable. But like all other general rules there may be exceptions to this in certain cases. It must not be overlooked that the order of May 8, 1911, was virtually a judgment by default rendered because the appellants had failed to file within a certain time objections to the cost bill. Although the plaintiff could have taken an appeal from this order it would have been very difficult to secure a full review on the supposed merits of the case and in such cases it has been permitted to move to set aside the default and in case of refusal to appeal from the resolution denying the motion. (*McCor-*

*mick* v. *Belvin,* 96 Cal., 182; *De la Montanya* v. *De la Montanya,* 112 Cal., 101; *Pignaz* v. *Burnett,* 119 Cal., 157; *Thompson* v. *Alford,* 128 Cal., 227.)''

'' 'A careful study of the decisions on this point brings us to the conclusion that the circumstances attending each particular case have had much weight in the determination of whether or not it comes within the general rule or within the exception.'

''In ground 'D' urged in support of the motion to dismiss, the appellee himself points out the circumstance which, after a careful study, we believe takes the instant case out of the general rule and places it within exception, to wit: ' . . . unless the record shows, for the consideration of this court, facts that could not be presented in an appeal from the original judgment.' ''

██ The record of the instant case shows that there was an intervening period of three years between the holding of the first hearing and the holding of the second; that during that period of three years the attorney for the defendants was absent in the United States; and that the defendants lived in the property the object of the dispossession proceeding, in the country, in the ward of Valenciano Arriba, within the Municipal District of Juncos. The clerk of the district court entered at the foot of the order setting the second hearing for February 6, 1939, a note to the effect that he had sent postal cards ''to the defendants Manuel Rodríguez and Manuela González, Juncos, notifying them of this setting.''

Even if we were to presume that a postal card deposited in the post office at Humacao and addressed to the town of Juncos should have been received in the ward of Valenciano Arriba, where the defendants reside, such rebuttable presumption arising from the fact of mailing would be overcome by the affidavit of merits presented by the defendants in support of their motion, wherein they stated ''that the defendants have had no notice whatsoever of any request on the part of the plaintiff for setting, nor of the actual setting, of the second hearing'' and ''that the defendants reside in the ward of

Valenciano Arriba, of Juncos, P. R., and did not receive the notice or summons which appears to have been deposited in the mail, on January 4, 1939, by the clerk of the court." The plaintiff failed to introduce any evidence to controvert the statements contained in said affidavit of merits.

As there is involved an order rendered after final judgment, and as the questions raised in the motion to set aside the judgment rendered by default can not be considered in the appeal from the judgment, we must hold, in accordance with the decision in *Hastings* v. *Ganaderos Unidos de P. R., Inc., supra,* that the order of May 29, 1939, denying the motion to set aside the proceedings at the second hearing and the judgment entered in the absence of the defendants is appealable, and that the appeal was taken within the statutory period.

The defendants-appellants maintain that the lower court abused its discretion in refusing to relieve the defendants from the effects of the judgment rendered under the circumstances which we have already stated.

The appellants are right. Nothing would have been lost by giving the defendants an opportunity to be heard in their defense. They proved that they did not appear at the hearing of the case because they had not received any notice or warning of the setting. In our opinion, the lower court failed to make proper use of the discretion granted to it by section 140 of the Code of Civil Procedure.

The order appealed from must be reversed and the case remanded to the District Court of Humacao with directions to set aside the judgment rendered on March 21, 1939, and to hold a second hearing for the purpose of the introduction of evidence.

Mr. Chief Justice Del Toro took no part in the decision of this case.