[L. A. No. 18080.   In Bank.   Nov. 9, 1942.]

FIRST TRUST & SAVINGS BANK OF PASADENA (a Banking Corporation) et al., Appellants, v. THE CITY OF PASADENA (a Municipal Corporation), Respondent.

Holbrook & Tarr and W. Sumner Holbrook, Jr., for Appellants.

Harold P. Huls, City Attorney, and H. Burton Noble, Assistant City Attorney, for Respondent.

THE COURT.—A further study of this case leads us to the conclusion that the opinion of the District Court of Appeal rendered when the case was before that court correctly disposes of all questions presented by the record herein. That opinion written by Mr. Justice Spence of the First District, Second Division, we therefore adopt as the opinion of this Court. It is as follows:

Plaintiffs brought this action seeking to recover a portion of the taxes paid by plaintiffs to the city of Pasadena for the tax year 1933-1934, which portion was alleged to have resulted from an over-assessment of plaintiffs' properties through the use of erroneous methods of valuation. Defendant's demurrer to plaintiffs' amended complaint was sustained. Plaintiffs elected to stand upon said amended complaint and refused to plead further. Thereupon a judgment of dismissal was entered and from said judgment, plaintiffs appeal.

It is conceded by plaintiffs that their amended complaint contained no allegation showing compliance with the so-called claims provision of the Pasadena charter and that if compliance with said claims provision was required, then the ruling of the trial court was correct. Plaintiffs contend, however, that they were not required to allege compliance with said claims provision of said charter; that their amended complaint was sufficient in all respects; and that the trial court erred in sustaining said demurrer.

The above mentioned claims provision of the Pasadena charter is found in article 11 thereof. Said article requires the presentation of "all claims" within six months and further provides that unless a claim has been so presented, "No suit shall be brought upon any claim for money or damages" against the city of Pasadena.

Plaintiffs state that the trial court based its ruling on *Farmers and Merchants Bank of Los Angeles* v. *City of Los*

*Angeles,* 151 Cal. 655 [91 P. 795], and they devote considerable space in their briefs to an attack upon the decision in that case. They call attention to the fact that the cited case was decided by a divided court and they refer to it as "only a much criticized, never followed, frequently distinguished decision, out of line with the controlling rule of law." They concede, however, that it has never been expressly overruled.

One of the most recent cases in which the cited case is discussed is that of *Brill* v. *County of Los Angeles,* 16 Cal.2d 726 [108 P.2d 443]. The majority opinion in the Brill case distinguishes the Farmers Bank case at page 731. It is there said, "In support of its contention that the filing of a claim with it prior to suit was indispensable, the city places great reliance on the case of *Farmers etc. Bank* v. *City of Los Angeles,* 151 Cal. 655 [91 P. 795]. That case is factually distinguishable from the present one and does not require a conclusion herein that the filing of a claim with the city was an indispensable prerequisite to the commencement of these actions. There, as distinguished from the present case, the city itself had directly provided a complete scheme for the assessment and collection (which, as shown, includes refund) of taxes by *city officers* though, pursuant to charter provision, such scheme was to be 'substantially' the same 'as the mode and manner' for the collection of state and county taxes. Though patterned after the county plan, the city had there set up its *own* complete taxing system and four of the Justices thereupon concluded that under such circumstances the refunding procedure of such city system was subject to and controlled by the charter provision as to the necessity for filing a claim prior to suit to recover money."

The minority opinion in the Brill case gives unqualified approval to the decision in the Farmers Bank case and states on page 740 that "The decision in that case has never been overruled directly or by implication. It has stood for over thirty years, and must now be regarded as the settled law of this state." It was the view of the minority in that case that the Farmers Bank case could not be distinguished there and it was said in the minority opinion on page 739, "That case, in respect to the applicability of the law requiring presentation of a claim before suit, is the exact counterpart of the present action."

In our opinion, there is no essential ground for disinction between the Farmers Bank case and the instant case. Here as there the claims provision of the charter contained a "sweep-

ing requirement" (*Brill* v. *County of Los Angeles*, p. 741) which covered "all claims" against the city. Here as there the city had set up by ordinance its "own complete taxing system." (See *Brill* v. *County of Los Angeles, supra*, p, 731.) If any provision of said ordinance is to be construed as eliminating the necessity for the presentation of a claim for a tax-refund or as specifying a longer period for such presentation than that provided by the claims provision of the charter of said city, then such "ordinance provision must necessarily be held void because in conflict with the superior charter provisions." (*Farmers & Merchants Bank* v. *City of Los Angeles, supra*, p. 659.)

Plaintiffs further contend that even assuming that said claims provision of the charter was applicable to claims for tax refunds, "administrative construction of charter and tax ordinance and acts of city officials constituting estoppel bar raising defense in this case." The claimed waiver or estoppel is based upon the allegations of the amended complaint alleging the existence of a practice on the part of the city officials of making tax refunds in cases where the claims had been filed more than six months after payment and alleging that the city attorney had told plaintiffs' counsel that it was unnecessary to file claims within the six months period.

We find no merit in plaintiffs' claim of waiver or estoppel. (*Spencer* v. *City of Calipatria*, 9 Cal.App.2d 267 [49 P.2d 320]; *Johnson* v. *City of Glendale*, 12 Cal.App.2d 389 [55 P.2d 580]; *Sacramento & San Joaquin Drainage Dist.* v. *Riley*, 194 Cal. 624 [229 P. 957]; *Ritter* v. *United States*, 28 F.2d 265; *United States* v. *Globe Indemnity Co.*, 94 F.2d 576; *New York City Retirement System* v. *Eliot*, 267 N.Y. 193 [196 N.E. 23, 87 A.L.R. 988].) It is only in rare cases that the doctrine of estoppel may be invoked against a municipal corporation (*Times-Mirror Co.* v. *Superior Court*, 3 Cal.2d 309 [44 P.2d 547]; *City of Los Angeles* v. *County of Los Angeles*, 9 Cal.2d 624 [72 P.2d 138, 113 A.L.R. 370]; 10 Cal.Jur. 651) and we do not believe this case to be one of them.

It follows that plaintiffs' amended complaint was insufficient and that the trial court properly sustained the demurrer thereto.

The judgment is affirmed.