[Civ. No. 3123. Fourth Dist. May 27, 1944.]

WILLIAM L. JOHNSON, Appellant, v. COUNTY OF FRESNO et al., Respondents.

Claude L. Rowe for Appellant.

W. H. Stammer and Galen McKnight for Respondents.

MARKS, J.—This is an appeal from a judgment dismissing the action after a demurrer to plaintiff's second amended complaint had been sustained without leave to amend.

Plaintiff was injured on April 12, 1942, in a collision between an automobile in which he was riding and a station wagon belonging to the county of Fresno and driven by Melvin A. Willmirth, its employee.

The complaint was filed on November 13, 1942. It contained no allegation concerning the filing of any claim for damages with either defendant, the county of Fresno or Willmirth. A demurrer was sustained with leave to amend.

An amended complaint was filed on January 16, 1943. This pleading contained the allegation that "plaintiff was physically and mentally unable to file any verified or other claim against any of the defendants until more than ninety days after the accident and injury hereinabove referred to." In the same paragraph it was alleged that the agents of the county of Fresno and the agents of the insurance carrier for defendants falsely and fraudulently represented to plaintiff that it was unnecessary for him to employ an attorney because the insurance carrier for defendants "was making an immediate cash settlement of plaintiff's claim"; that they continued to make such representations for more than ninety days after the accident, and furnished him with free medical care during such time; that after the ninety days had elapsed they refused to talk to plaintiff and refused to make any settlement with him.

A demurrer was sustained with leave to amend and a second amended complaint was filed on May 17, 1943, which, in effect, repeated the allegations we have just referred to. A demurrer was sustained without leave to amend and this appeal followed from the judgment subsequently entered. It is admitted that no claim of any kind was ever presented to or filed with the defendant Willmirth or the county of

Fresno. The sole question presented is the necessity for filing such a claim before an action for damages can be maintained against a county or its employee.

■ At the common law no right of action existed against the state or any of its political subdivisions for damages resulting from negligence of its employees while performing governmental functions. Such right of action exists only when authorized by statute. (*Chafor* v. *City of Long Beach,* 174 Cal. 478 [163 P. 670, Ann.Cas. 1918D 106, L.R.A. 1917E 685]; *Kellar* v. *City of Los Angeles,* 179 Cal. 605 [178 P. 505]; *Miller* v. *City of Palo Alto,* 208 Cal. 74 [280 P. 108]; *Redlands High School Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490]; *Pittam* v. *City of Riverside,* 128 Cal.App. 57 [16 P.2d 768].) Such a right of action for damages resulting from dangerous or defective conditions of public property was given by the public liability act. (Stats. 1923, p. 675; Deering's Gen. Laws, 1937, Act 5619.) Now political subdivisions are liable by statute for certain acts of negligence of their officers and employees.

In 1931 the Legislature passed an act (Stats. 1931, p. 2476, as amended; Deering's Gen. Laws, 1937, Act 5150) requiring the person injured to file within ninety days his verified claim for damages with the public agency and public officer or employee sought to be held liable. Section 4075 of the Political Code requires such claim to be filed within one year.

■ It has been held without deviation that the filing of a claim is a necessary prerequisite to bringing an action for damages. (*Douglass* v. *City of Los Angeles,* 5 Cal.2d 123 [53 P.2d 353]; *Hall* v. *City of Los Angeles,* 19 Cal.2d 198 [120 P.2d 13]; *Redlands High School Dist.* v. *Superior Court, supra; Artukovich* v. *Astendorf,* 21 Cal.2d 329 [131 P.2d 831].)

Plaintiff maintains that the recent case of *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570], has modified this rule and that the fraud of the public agency, such as is alleged here, will estop it from pleading the defense of plaintiff having failed to file the claim. The Farrell case did relax the rigor of the rule formerly prevailing here but not to the extent claimed by the plaintiff. The reason for its holding is summed up in the following quotation: ''Although it has been repeatedly held that compliance with the appropriate claim statute is mandatory and an essential requisite to plaintiff's cause of action, nevertheless the time element

with respect to the filing of the claim is essentially procedural in nature."

In the Farrell case the plaintiff pleaded estoppel in much the same form as we have here. A claim was filed, but it was after the expiration of ninety days. The court concluded that the county of Placer might be estopped by the fraud of its agents only so far as filing the claim within the time prescribed by the statute was concerned. It did not hold that no claim need be filed. A claim was filed in that case so that question was not presented to the Supreme Court.

The second amended complaint in this action alleged that the fraud ended after the expiration of ninety days after the accident when the agents of the county of Fresno and Willmirth refused to see or talk to plaintiff. It must have appeared to plaintiff at that time that the representations concerning a settlement were fraudulent. If plaintiff had filed a claim within a reasonable time thereafter he would have brought himself within the rule of the Farrell case. This he did not do. This leaves him within the rule of the cases of *Douglass* v. *City of Los Angeles, supra,* and *First Trust & Savings Bank of Pasadena* v. *City of Pasadena,* 21 Cal.2d 220 [130 P.2d 702], where it was held that as no claims were filed, the plaintiffs could not maintain their actions.

Plaintiff maintains that the allegation of his total incapacity for ninety days excused him from filing his claim. In this connection it might be observed that while plaintiff did allege his total mental and physical incapacity for ninety days he also alleged in the same paragraph that he was misled by the fraudulent representations during those same ninety days. However, as we have already observed, under the rule in the Farrell case he could have filed his claim, had he acted promptly, after he had recovered and realized that the representations concerning a settlement of his claim were false.

Plaintiff argues that the provision giving him ninety days in which to file a claim is so arbitrary, capricious and unreasonable as to deprive him of his right to a remedy without due process of law, especially as he was mentally and physically unable to file his claim within that time. As the law is construed in the Farrell case he could have filed his claim after he had recovered and discovered the fraud which removes the question of his incapacity from necessary consideration here.

As we have already seen, there was no common law right of action against a governmental agency for the torts of its agents when acting in a governmental capacity. The right of action is strictly a creature of statute. It is very generally held that where a right of action is created by statute, and a limitation is placed on the time in which the right is to be exercised, the right must be asserted within the time limited or it ceases to exist and cannot be thereafter enforced in any form. (*Walsh* v. *Mayer,* 111 U.S. 31 [4 S.Ct. 260, 28 L.Ed. 338]; *The Harrisburg, (Lewis* v. *Rickards)* 119 U.S. 199 [7 S.Ct. 140, 30 L.Ed. 358]; *Davis* v. *Mills,* 194 U.S. 451 [24 S.Ct. 692, 48 L.Ed. 1067]; *United States ex rel. Texas Portland Cement Co.* v. *McCord,* 233 U.S. 157 [34 S.Ct. 550, 58 L.Ed. 893].)

This rule was recognized in *Redlands High School Dist.* v. *Superior Court, supra,* involving an action to recover damages for personal injuries from a high school district, where it was said:

"Cases have established that the liability of municipalities, counties and school districts for the negligent acts of their officers and employees is derived solely from statutory provisions in this state. Any plaintiff, therefore, must fulfill the mandatory requirement that a verified claim be filed as a prerequisite to maintaining a suit under the statute and failure to file such a claim is fatal to the cause of action."

The foregoing was quoted with approval in *Artukovich* v. *Astendorf, supra,* and the following remarks were added:

"The underlying principles upon which the authorities are based are (1) that neither the state nor any of its political subdivisions may be sued in the absence of specific statutory permission; (2) that where a right of action against the state or any of its political subdivisions is created by statute, such right may be circumscribed by any conditions that the Legislature may see fit to impose; and (3) that when the Legislalature enacts a mandatory provision requiring in general terms that all claims must be presented before any action may be brought thereon, compliance with such condition is an indispensable prerequisite to the bringing of any such action by any person, regardless of his age or his physical or mental condition."

As we understand the Farrell case it does not modify the foregoing rule as it is held that the time limit on filing the

claim was directory under the circumstances there shown and that the county of Placer might be estopped by the fraud of its agents from urging that the claim was not filed in time. It did not hold that the action could be maintained without filing any claim and we have found no case so holding. As there was no right to bring this action at common law, and as no such right exists independent of statute, plaintiff had no constitutional right to sue a public agency and its employee to recover his damages. He only had the right of action given by the statute and should have conformed to the requirements of the statute in bringing it.

The argument on the question of the constitutionality of the act is answered in *Young* v. *County of Ventura,* 39 Cal. App.2d 732 [104 P.2d 102], where it is said:

"Plaintiffs cannot successfully argue that by the statutory requirement of filing a claim they were deprived of due process of law. The legislature has furnished due process to them but they did not avail themselves of it."

In view of the many cases holding that the filing of a claim is a necessary prerequisite to bringing an action for damages such as this we cannot hold that the second amended complaint stated a cause of action in the absence of an allegation that some claim had been filed.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.