[Civ. No. 7260. Third Dist. Dec. 21, 1946.]

V. J. HUFFAKER, Appellant, v. CLAUDE DECKER, Respondent.

Alfred E. Frazier for Appellant.

Carlton & Shadwell for Respondent.

LEMMON, J. pro tem.—Plaintiff instituted an action against the defendant, Decker, to recover damages for injuries claimed to have been proximately sustained through the negligence of Decker. It was alleged in the complaint that such negligence occurred while Decker was driving a Ford truck, owned by the city of Redding, and that he was then the employee of the city and acting within the scope of his employment at the time of the accident. A demurrer was interposed upon the ground that the complaint did not allege compliance with sections 1980, 1981 and 1982 of the Government Code. The demurrer was sustained with leave to amend the complaint. Plaintiff failed to amend within the time allowed by the trial court and a judgment in favor of the defendant was entered. This appeal is from that judgment.

Subsequently to the entry of the judgment plaintiff noticed and presented a motion to the trial court under section 473 of the Code of Civil Procedure for relief from the judgment and for permission to file an amended complaint, a copy of which amended complaint was served and filed with the moving papers. In the proposed amended complaint Decker was again named as the sole defendant. This pleading contains two counts. The first count charges negligence upon the part of the defendant without reference to his employment by the city of Redding. The second count alleges the employment by the city and negligence by the defendant while acting within the scope thereof. That count attempts to set up an estoppel. An order was filed and entered denying the relief sought. No appeal has been taken from that order.

It would serve no useful purpose to here set forth the allegations upon which appellant seeks to base the estoppel. Aside from the absence of any allegation in the proposed amended complaint of any act done or statement made by the defendant or by any one as his agent or acting upon his behalf, the absence of which renders the pleading an ineffectual

attempt to allege an estoppel, the appeal here under consideration, as above stated, is from the judgment and not from the subsequent order. Such an order is a special order made after final judgment and is appealable under section 963, Code of Civil Procedure. (*Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274 [153 P.2d 714].) Error claimed in such an order may not be reached through an appeal from the judgment but only through a direct appeal from the order. (*Thompson* v. *Alford,* 128 Cal. 227 [60 P. 686].)

This appeal does however present the question of the propriety of the order of the trial court sustaining the demurrer to the complaint. It is appellant's position that where a tort feasor is sued individually, though acting for and within the scope of his employment by a municipality at the time of the commission of the tort, the presentation of a claim in the form and substance and within the time provided in sections 1981 and 1982 of the Government Code is not a prerequisite to the commencement of the action. The pertinent portion of section 1981 reads: "Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment . . . within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be." Section 1982 of the same code specifies the contents of the claim so required to be filed.

It is uniformly held that, when a governmental agency is by statute made responsible for the torts of its agents, the requirement that a verified claim be filed with such governmental agency within the time specified is a mandatory prerequisite to the maintenance of suit therefor. (*Douglass* v. *City of Los Angeles,* 5 Cal.2d 123 [53 P.2d 353]; *Hall* v. *City of Los Angeles,* 19 Cal.2d 198 [120 P.2d 13]; *Redlands High School District* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490]; *Artukovich* v. *Astendorf,* 21 Cal.2d 329 [131 P.2d 831]; *Johnson* v. *County of Fresno,* 64 Cal.App.2d 576 [149 P.2d 38].) A complaint which fails to allege compliance with the statute fails to state a cause of action against the public agency. (18 Cal.Jur. 1110.) Plaintiff, conceding this rule and that the demurrer would have been properly sustained had the city of Redding been the defendant, contends that when the city's employee is alone sued presentation of the

claim to such employee is not a mandatory requirement before suit. He points out that this distinction should be drawn for the reason that the action against the employee is recognized in the common law but the action against the city employer is created by statute. ██ There is no common law right of action against a governmental agency for the torts of its officers or employees when acting in a governmental capacity. It is recognized in the cases that when the state waives its immunity from liability it may attach conditions to the exercise of rights granted against it, and that the presenting of a claim for damage before suit required by the statute is a condition to the maintenance of the action under the statute. Plaintiff argues that since the cause of action against the employee exists independent of the statute, a different result should be reached when the action is alone against him because the rights of the public are not there involved.

Although this point had not been heretofore definitely decided by an appellate court in this state it was incidentally referred to in the cases of *Von Arx* v. *City of Burlingame,* 16 Cal.App.2d 29 [60 P.2d 305] and *Johnson* v. *County of Fresno, supra.* In the Von Arx case a claim had been filed with the defendant city of Burlingame but not against the two defendant police officers. During the trial, the action was dismissed as to one of the officers and judgment went against the other officer and the city. A new trial was granted as to that officer. The city appealed from the judgment. The court stated that the failure to present a claim to the officer does not exonerate the officer from negligence, ''but is simply a waiver of the injured party's right to recover against such officer'' and that notice to a governmental employee is ''for the protection of the employee against unfounded and annoying litigation.'' In *Johnson* v. *County of Fresno,* an action against the county of Fresno and one Willmirth, for injuries received in a collision in which an automobile belonging to the county and driven by Willmirth, its employee, was involved, a judgment of dismissal, entered after a joint demurrer of the two defendants to plaintiff's second amended complaint was sustained without leave to amend, was affirmed. Upon appeal the court stated that ''The sole question presented is the necessity for filing such a claim before an action for damages can be maintained against a county or its employee.''

██ If we look alone to section 1981 the language which states the requirement of presentation and filing of the claim

with the clerk or secretary of the legislative body of the public employer applies equally with the requirement of presenting and filing with the officer or employee. A dual duty is there stated, joined by the conjunctive "and." No distinction is therein made between the two duties. It would therefore appear, from the context of the section, that compliance with the requirement in the one instance is just as essential as it is in the other. Since the Legislature is to be presumed to have known of the decisions construing this as well as similar statutes, as to the requirement of filing of a claim as a necessary preliminary to the maintenance of an action against a public agency, it is persuasive that, in adding the requirement for filing with the officer or employee prior to suit, the Legislature intended that noncompliance would have the same legal result in an action against such officer or employee as it had been settled by the cases to have when the action is against the employer. (*In re Halcomb*, 21 Cal.2d 126 [130 P.2d 384].)

The underlying reason for this condition to the maintenance of an action against the state or a public agency is to protect the public from the cost and expense of needless litigation. It is stated in the early case of *McCann* v. *Sierra County*, 7 Cal. 121: "We think the intention of the Legislature was to prevent the revenue of the county from being consumed in litigation, by providing that an opportunity of amicable adjustment should be first afforded to the county, before she should be charged with the costs of a suit." In addition, the authorities of the public body are thereby afforded the opportunity to investigate the circumstance, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh. Aside from the fact that the public is interested in saving its officers and employees from the harassment of vexatious litigation, it is directly and peculiarly concerned in any action against its employees in suits against them for damages occasioned through their negligence while acting as such employees and within the scope of their employment. This is so because section 2001 of the Government Code casts the duty upon the attorney for the municipality to act as counsel in defense of such action against the employee and the fees and expenses incurred therein are a lawful charge against the municipality. Furthermore, section 1956 authorizes a municipality to insure its employees against the liability for such negligence and the premium for such insurance is therein declared to be a proper charge against the

treasury of the municipality. It is thus seen that the city has a financial liability in any action brought against its employee under the above stated conditions, though perhaps the liability is not usually as great as it is where the city is sued. In either situation the difference in the liability is merely a matter of degree. The city is concerned with the expenditures of its funds regardless as to whether those expenditures are great or small.

█ It should be noted that the statute does not deprive the injured person of his cause of action against the employee. That remains as it was before the statute was enacted. He is not denied due process. (*Young* v. *County of Ventura,* 39 Cal.App.2d 732 [104 P.2d 102].) The statute merely places upon him a reasonable procedural requirement to the maintenance of his action.

█ At the time of oral argument, plaintiff claimed that section 1980 is unconstitutional as special legislation insofar as it requires the filing of such claims for damages as a prerequisite to suit against an officer or employee. He did not cite any authority to sustain his position. The principles under which the state may provide procedure applicable alone to public employees and officers for the collection of judgments against them are equally applicable here. (*Ruperich* v. *Baehr,* 142 Cal. 190 [75 P. 782]; *Lawson* v. *Lawson,* 158 Cal. 446 [111 P. 354].)

The judgment appealed from is affirmed.

Adams, P. J., and Thompson, J., concurred.