[Civ. No. 18957. Second Dist., Div. One. May 14, 1952.]

ALFRED B. CASON, Respondent, v. THE GLASS BOT-TLE BLOWERS ASSOCIATION OF THE UNITED STATES AND CANADA et al., Appellants.

V. P. Lucas for Appellants.

George D. Higgins for Respondent.

WHITE, P. J.—Motion to dismiss an appeal taken by defendants from an order made after judgment amending a satisfaction of judgment *nunc pro tunc* pursuant to the provisions of section 473 of the Civil Code of Procedure.

For the purpose of the instant proceeding it will suffice to set forth that a judgment was rendered awarding plaintiff damages as against the national union and granting a peremptory writ of mandate directing plaintiff's reinstatement to membership in the union.

From this judgment defendants appealed, and the Supreme Court modified the same only as to the writ of mandate, directing that the writ be amended to provide that defendants accord plaintiff "a full and fair hearing" before the national union tribunals, or "reinstatement to membership" in the union. As so modified, the judgment was affirmed (*Cason* v. *Glass Bottle Blowers Assn.,* 37 Cal.2d 134 [231 P.2d 6, 21 A.L.R.2d 1387]).

The remittitur from the Supreme Court was lodged with the county clerk of Los Angeles County on June 18, 1951.

Thereafter, on July 27, 1951, a satisfaction of judgment, signed by plaintiff and his attorney, was filed with the clerk of the superior court. Said satisfaction of judgment read in part as follows: "The judgment herein having been paid, full satisfaction is hereby acknowledged of said judgment . . . and the clerk is hereby authorized and directed to enter full satisfaction of record in said action."

Thereafter, plaintiff caused to be issued out of the Superior Court of Los Angeles County a writ of mandate directing defendant national union and certain of its officers to appear before the court to show cause why they should not reinstate plaintiff or afford him a fair trial before the union tribunals.

However, plaintiff was confronted with the aforesaid satisfaction of judgment when defendants made a motion to quash service of said writ. The hearing was continued, obviously to afford plaintiff an opportunity to file such motions as he might be advised with regard to the aforesaid satisfaction of judgment.

On October 4, 1951, plaintiff filed his notice of motion to amend the satisfaction of judgment *nunc pro tunc* under section 473 of the Code of Civil Procedure. Following hearing upon said motion, the court denied defendants' motion to quash the writ of mandate and granted plaintiff's motion, made under section 473 of the Code of Civil Procedure.

Pursuant thereto, the clerk of the superior court was directed to make appropriate notations upon the satisfaction of judgment and the judgment.

The satisfaction of judgment was accordingly amended in part to read: "The *money* herein having been paid, full satisfaction is hereby acknowledged of said *money* . . . , and the clerk is hereby authorized and directed to enter full satisfaction of record in said action as to the *money judgment only.*" (We have italicized the *nunc pro tunc* amendment made by the court to the original satisfaction of judgment.) From such order defendants appeal.

 From the above recital it is manifest that the foregoing order of the court was a special order made after judgment and which affected the final judgment and bears some relation to it by way of enforcing its execution. A direct appeal from such order is therefore authorized by subdivision 2 of section 963 of the Code of Civil Procedure (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 366 [217 P.2d 951]; *Huffaker* v. *Decker*, 77 Cal.App.2d 383, 386 [175 P.2d 254]; *Lande* v. *Southern Cal. Freight Lines*, 78 Cal.App.2d 417, 419 [177 P.2d 936]).

The motion to dismiss the appeal is denied.

Doran, J., and Drapeau, J., concurred.